LAKE MORTGAGE COMPANY, INC. AND NICK ROMAN, JR., RECEIVER (THIRD PARTY DEFENDANTS BELOW) *v.* FEDERAL NATIONAL MORTGAGE ASSOCIATION, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES (PLAINTIFF BELOW); THOMAS E. SCHMAL AND BETTY L. SCHMAL, HUSBAND AND WIFE (DEFENDANTS AND CROSS-PLAINTIFFS BELOW); JAMES ERNST AND JOYCE ERNST, HUSBAND AND WIFE (DEFENDANTS, THIRD PARTY PLAINTIFFS AND CROSS-PLAINTIFFS BELOW); JAMES ERNST AND JOYCE ERNST, HUSBAND AND WIFE *v.* THOMAS E. SCHMAL AND BETTY L. SCHMAL, HUSBAND AND WIFE, LAKE MORTGAGE COMPANY, INC., NICK ROMAN, JR., RECEIVER, AND FEDERAL NATIONAL MORTGAGE ASSOCIATION, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES.

[No. 175S7. Filed January 8, 1975.]

*Fred M. Cuppy, Gerald K. Hrebec, Thomas, Burke, Dyerly & Cuppy,* of Gary, for appellants, Lake Mortgage Company, Inc., and Nick Roman, Jr., Receiver.

*Albert C. Hand, Michael L. Muenich, Hand & Muenich,* of Hammond, for appellees, James Ernest and Joyce Ernest. *William F. Carroll, Carroll, Barber & Sorbello,* of Crown Point, for appellee, Thomas E. Schmal.

### ON PETITION TO TRANSFER

HUNTER, J.—Petitioners James and Joyce Ernst seek transfer from the decisions of the Court of Appeals in the companion cases of *Ernst* v. *Schmal* (1974), (No. 3-373 A 24 [hereinafter cited as No. 24]), Ind. App., 308 N.E.2d 732, and *Lake Mortgage Co.* v. *Federal Nat'l. Mtg. Ass'n.* (1974), (No. 3-273 A 23 [hereinafter cited as No. 23]), Ind. App. 308 N.E.2d 739.

The facts, fully set forth in the decisions of the Court of Appeals, *supra,* are outlined here. Litigation commenced when Federal National Mortgage Association filed its complaint of foreclosure against real estate owned by Thomas and Betty Schmal and in the possession of contract vendees James and Joyce Ernst, petitioners herein. Both the Schmals and the Ernsts were named as party defendants. Federal also petitioned for the appointment of a receiver and the court appointed Nick Roman, Jr., an officer of Lake Mortgage Co. Lake was associated with Federal as a local servicing agent on Federal's mortgages.

Petitioners filed a third-party complaint and cross-claim against Lake and the Schmals. The Schmals cross-claimed against petitioners to foreclose the land contract. The Schmals later filed an affidavit for immediate possession and petitioners subsequently vacated the property. Petitioners then filed an amended third-party complaint and cross-claim against Federal, Lake, Nick Roman, Jr. and the Schmals. The thrust of petitioners' claim was that the third-party defendants and cross-claimants had conspired to evict petitioners.

"Trial on all issues except those involved in Federal's foreclosure action was commenced before a jury on March 20, 1972. At the close of all of the evidence, [Lake] Mortgage Co., the Schmals and Roman moved for judgment on the evidence. After argument, the trial court entered judgment for [Lake] Mortgage Co., Roman and Betty Schmal. The case against Thomas Schmal was then submitted to the jury. Thereafter, the jury returned a verdict for cross-plaintiffs James and Joyce Ernst in the amount of $12,500; and on March 30, 1972, the trial court entered judgment on the verdict. Subsequently, on May 8, 1972, the trial court entered judgment for Federal on its complaint for foreclosure.

"Thomas Schmal and the Ernsts filed separate motions to correct errors and, after a hearing on December 5, 1972, the trial court stated 'that because of the complexity of the issues herein, the jury may have been confused in its conclusions and verdict, and the Court now grants a new trial in this cause and the verdict rendered is held for naught.'

"On December 19, 1972, [Lake] Mortgage Co. and Roman filed a motion [pursuant to TR. 59(E)(7)] requesting the trial court to clarify its ruling ordering a new trial by entering special findings of fact upon each material issue or element of the claim or defense upon which the new trial was granted. The trial court denied the motion." 308 N.E.2d 739, 742-43.

In No. 24, petitioners appealed from the trial court's grant of a new trial to Thomas Schmal. Schmal's motion to correct errors asserted six (6) errors for the trial court's correction. Those errors were as follows:

"Error No. 1: Thomas E. Schmal was denied a fair trial by irregularity in the proceedings and in the activities of the prevailing party."

\* \* \*

"Error No. 2: The verdict is not supported by sufficient evidence."

\* \* \*

"Error No. 3: The verdict is contrary to the evidence."

\* \* \*

"Error No. 4: There are uncorrected errors of law which occurred during the proceedings."

\* \* \*

"Error No. 5: The verdict is contrary to law."

\*     \*     \*

"Error No. 6: The damages assessed against Thomas E. Schmal, in favor of Ernst and Ernst are excessive."

In granting Schmal's motion to correct errors (as well as that of the Ernsts), the trial court stated that a new trial was being granted because the complexity of the issues may have confused the jury in its conclusions and verdict. On the question of whether the ground thus asserted by the trial court in support of the relief granted was proper within the confines of TR. 59, the opinion of the Court of Appeals states:

"In resolving this issue we are mindful of the rulings in Memorial Hospital of South Bend, Inc. v. Scott (1973), [261] Ind. [27], 300 N.E.2d 50; and Bailey v. Kain (1963), 135 Ind. App. 637, 192 N.E.2d 486 (transfer denied), which told that the trial court's action in granting a new trial is accorded a *strong* presumption of correctness.

"On this point, the court in Bailey at 663 of 135 Ind. App., at 488-489 of 192 N.E.2d, stated:

" 'We will be hesitant to overrule a trial court in granting a motion for new trial for the reason that there are strong presumptions in favor of the trial court's action, and it is therefore a sound precedent which dictates that this court should be reluctant to second guess a trial court in granting a motion for new trial. [Citations omitted.]

" 'The trial judge is more than a mere umpire; his duties extend beyond the bounds of confining the evidence to the issues and instructing the jury on the law of the case; it was his duty to hear the case along with the jury; he had the opportunity to see and know the jury; \* \* \*.' [Footnote omitted.]

"Rule TR. 59(E), Ind. Rules of Procedure, IC 1971, 34-5-1-1, provides that '[i]f corrective relief [including a new trial] is granted, the court shall specify the general reasons therefor.' Only in the case in which a new trial is granted for the general reason that 'the verdict, finding or judgment do not accord with the evidence,' shall the court be required to 'make special findings of fact upon each material

issue or element of the claim or defense upon which a new trial is granted.' Rule TR. 59 (E), *supra.*

"It does not follow from the general reason stated by the trial court in the case at bar that the court has necessarily weighed the evidence and reached the conclusion that the jury's verdict is not in accord with the evidence. This is not implicit in the reason nor may it, in view of the holdings in Memorial Hospital of South Bend, Inc. v. Scott, *supra,* and Bailey v. Kain, *supra,* be assumed. For, the strong presumption in favor of the trial court's action herein operates to exclude the reason stated from the ambit of Rule TR. 59 (E) (7), Ind. Rules of Procedure, which would render it insufficient.

"The provisions of Rule TR. 59 (E), *supra,* permit, among other alternatives, the granting of a new trial in instances in which the court determines that 'prejudicial or harmful error has been committed * * *.' The decision as to what is 'prejudicial or harmful' rests, as it must, within the discretion of the trial court. While these terms naturally imply that the adversaries in the courtroom have injected some impermissible irregularity into the conduct of the trial, can it be said that no harm or prejudice has inured to the determination of the cause if the jury does not simply understand? To be sure, the trial judge is in the best position to determine whether or not this is so and we do not here propose to second guess his judgment in this regard on the basis of a cold and inanimate record." 308 N.E.2d 732, 735-36.

The opinion of the Court of Appeals is correct insofar as it concludes that, *in view of the reason stated by the trial court,* the trial court was not granting relief after ". . . weigh[ing] the evidence and reach[ing] the conclusion that the jury's verdict is not in accord with the evidence." In other words, the trial court, in reviewing Schmal's motion to correct errors, was clearly not granting relief upon Schmal's alleged Errors No. 2, No. 3, or No. 5. Hence, the "special findings of fact" requirement of TR. 59 (E) (7) did not become binding upon the trial court. At the same time, the strong presumption of correctness which obtains when a trial court grants a new trial, *because the preponderance of the evidence is against the verdict,* did not

become operative to sustain the trial court's action in this case. Thus, the statement by the Court of Appeals that ". . . [T]he strong presumption in favor of the trial court's action herein operates to exclude the reason stated from the ambit of Rule TR. 59(E)(7), Ind. Rules of Procedure, which would render it insufficient" is incorrect. The presumption announced in *Bailey* v. *Kain* (1963), 135 Ind. App. 657, 192 N.E.2d 486, as modified by TR. 59(E)(7) and adopted by this Court in *Memorial Hospital of South Bend, Inc.* v. *Scott* (1973), 260 Ind. 27, 300 N.E.2d 50, arises only when the trial court, acting as a thirteenth juror, sets aside a jury verdict as against the preponderance of the evidence and supports such decision with special findings of fact as required by TR. 59(E)(7).[1]

Within the context of Schmal's motion to correct errors, the trial court's general reason for the grant of a new trial (i.e., that because of the complexity of the issues, the jury may have been confused) must be subsumed, if at all, in Schmal's Error No. 1. It must also have a factual basis in the statement of facts and grounds which Schmal set out in support of his alleged Error No. 1, as required by TR. 59(B). However, the facts and grounds in support of Error No. 1 contain neither portions of the record nor allegations of specific instances which would provide a basis for the trial court's conclusion that the jury was confused. Rather, the facts set out by Schmal attempted to establish that the jury was prejudiced by considering two (2) counts of the Ernsts' amended third-party complaint and cross-claim, which were subsequently withdrawn. Schmal did not argue that the jury was confused by the withdrawal of the two counts; only that the residual effects of the counts, if any, continued in the minds of the jurors, thereby denying him a fair trial. Thus, the grounds advanced in support of Schmal's Error No.

---

1. See, generally, Harvey and Townsend, Indiana Practice, 136-141 (1971).

do not sustain the trial court's grant of relief on the basis of Schmal's motion to correct errors.

The Court of Appeals concluded that the provisions of TR. 59(E) sustain the trial court's award of a new trial where the trial court "determines that 'prejudicial or harmful error has been committed * * *.'" Trial Rule 59(E) is remedial in nature and is appropriately entitled, "Relief granted on motion to correct errors." The language "prejudicial or harmful error," as found in TR. 59(E), is not an over broad substantive category which shelters any reason advanced by a trial court in support of relief granted. The words "prejudicial or harmful error" in TR. 59(E) merely refer to the grounds for relief specified in TR. 59(A).

In view of our holding that the trial court did not grant relief on the basis of Schmal's motion to correct errors, it becomes apparent that the trial court, in granting a new trial, was acting upon its own motion as authorized by TR. 59(A). While a trial court may grant relief upon its own motion for any of the errors specified in TR. 59(A)(1)-(9) "without limitation," in so doing it must support the error with ". . . a statement of the facts and grounds upon which the errors are based," as required by TR. 59(B). The requirements of TR. 59(B) thus stated may not be avoided by a trial court when it acts upon its own motion. Indeed, procedural fairness dictates that the trial court comply fully with TR. 59(B). If we did not so hold, the party aggrieved by the court's granting of the motion to correct errors would not be able to properly formulate his appeal; nor would the Court of Appeals or this Court be able to pass upon the propriety of the trial court's actions. We hold that the trial court erred in granting Thomas Schmal a new trial on the court's unsupported conclusion that the jury was confused by the complexity of the issues.

We, therefore, grant transfer in No. 24 and reverse the judgment of the trial court granting Thomas Schmal a new

trial and order the trial court to reinstate the judgment in favor of petitioners.

Upon review of the evidence in No. 23, we approve the decision of the Court of Appeals reversing the trial court's grant of a new trial to the Ernsts against Lake and Roman. We, therefore, deny transfer in No. 23. We order the trial court to vacate its order of a new trial in No. 23 and further order the trial court to reinstate the judgment on the evidence in favor of Lake and Roman.

Transfer granted in No. 24, reversed and remanded with instructions.

Transfer denied in No. 23, remanded with instructions.

Arterburn and Prentice, JJ., concur; Givan, C.J., concurs in No. 23 (Lake Mortgage Company, Inc., et al. v. Federal National Mortgage Association, et al.) and dissents in No. 24 (Ernst and Ernst v. Thomas E. Schmal and Betty L. Schmal, et al.) ; DeBruler, J., not participating.

NOTE.—Reported at 321 N.E.2d 556.