STATE OF INDIANA ON THE RELATION OF THOMAS E. SCHMAL *v.* THE LAKE SUPERIOR COURT, ROOM THREE, AND HONORABLE FRED A. EGAN, AS JUDGE OF SAID COURT.

[No. 375S74. Filed December 30, 1975.]

*William F. Carroll, Carroll, Barber & Sorbello,* of Crown Point, for relator.

*Albert C. Hand, Michael L. Muenich,* of Hammond, for James Ernst and Joyce Ernst.

HUNTER, J.—In the companion case *(Ernst* v. *Schmal)* to *Lake Mtg. Co., Inc.* v. *Federal Nat'l Mtg. Ass'n.,* (1975) 262 Ind. 601, 321 N.E.2d 556, this Court on transfer from the Court of Appeals reversed the decision of the trial court grant-

ing Thomas E. Schmal a new trial. In our order of remand, we stated:

> "We, therefore, grant transfer in No. 24 and reverse the judgment of the trial court granting Thomas Schmal a new trial and order the trial court to reinstate the judgment in favor of petitioners." 321 N.E.2d 556, 560.

INDIANA RULES OF APPELLATE PROCEDURE, Ind. R. Ap. P. 11(B)(8) provides:

> "No petition for rehearing will be permitted filed upon the denial or granting of a petition to transfer."

Hence, our order of remand was final and terminated the litigation in Ernsts' favor.

Thomas E. Schmal, the losing party and relator herein, was not yet ready to give up the fight. Relying upon a portion of our opinion in which we stated that "the trial court did not grant relief on the basis of Schmal's Motion to Correct Errors," 321 N.E.2d 556, 560, he reasoned that such language meant that his motion to correct errors was still pending before the trial court. Upon remand, he filed a "Petition for Action on Motion to Correct Errors." On February 3, 1975, a hearing was held upon this petition and the court ordered the parties to submit proposed findings. Prior to the time such findings were due, Ernsts filed a motion to expunge the order of February 3, which was granted. Schmal then commenced this original action, seeking an alternative writ of mandate directing the respondent to reinstate the February 3 ruling and mandating respondent to act upon his motion to correct errors.

A writ of mandate will lie when a trial court fails to comply with an order of this Court on remand, see generally *Union Trust Co.* v. *Curtis*, (1917) 186 Ind. 516, 116 N.E. 916, but the writ will not lie as a petition for rehearing where the trial court follows the instructions given it. However, in denying this petition for writ of mandate, we deem it appropriate to comment upon petitioner's

rather serious claim that his motion to correct errors has never been acted upon, thereby foreclosing his right to appeal.

When a case arises on appeal, whether directly or by transfer, Ind. R. Ap. P. 15(M) specifies various actions we may take with regard to final disposition. That rule provides:

*"Order or Relief Granted on Appeal.* An order or judgment upon appeal may be reversed as to some or all of the parties and in whole or in part. The court, with respect to all or some of the parties or upon all or some of the issues, may order:

"(1) A new trial;

"(2) Entry of final judgment;

"(3) Correction of a judgment subject to correction, alteration, amendment or modification;

"(4) In the case of claims tried without a jury or with an advisory jury, order the findings or judgment amended or corrected as provided in Rule 52(b);

"(5) In the case of excessive or inadequate damages, entry of final judgment on the evidence for the amount of the proper damages, a new trial, or a new trial subject to additur or remittitur; or

"(6) Grant any other appropriate relief, and make relief subject to conditions.

*"The court shall direct final judgment to be entered or shall order the error corrected without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair.* A judgment may be affirmed on conditions. A verdict, finding, judgment, order or decision shall be reversed upon appeal as not supported by or as contrary to the evidence only when clearly erroneous, and due regard shall be given to the opportunity of the finder of fact to judge the credibility of witnesses." [Emphasis added.]

Two observations pertinent to this case may be made about this rule. The first is that the relief which we may grant under this rule is coextensive with that which a trial court may grant when it acts upon a motion to correct errors. IND. RULES OF TRIAL PROCEDURE,

Ind. R. Tr. P. 59(E). The second is that "The Court shall direct final judgment to be entered . . . unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper."

As a review of our opinion and the record in this matter will show, the trial court carefully considered Schmal's motion to correct errors. While the trial court did not directly over-rule his motion, it implicitly did so when it granted relief on a ground not asserted in relator's motion. At the time of trial, we surmise that relator did not move the court to comply with Ind. R. Tr. P. 59 since the outcome was favorable to him. Thus, while we were called upon to correct error, we were also required to do so in a fashion which was not unfair to the parties. That is why our opinion in this matter considered again each of relator's claimed errors presented in his motion, prior to reversing the grant of a new trial. We also independently reviewed the record to determine whether any other ground necessitated the granting of a new trial. Since there was none, it was unnecessary to return the matter to the trial court with instructions to state supporting reasons. Accordingly, our order on remand was to enter final judg-ment in favor of the Ernsts. Relator has had his day in court and his claimed errors have been reviewed by the highest court of this state.

The alternative writ is denied.

Givan, C.J., Arterburn and Prentice, JJ., concur; DeBruler, J., not participating.

NOTE.—Reported at 339 N.E.2d 58.