INTER-CITY CONTRACTORS SERVICES, INC., ET AL. *v.*
CONSUMER BUILDING INDUSTRIES, INC., ET AL.

[No. 3-1076A247. Filed March 20, 1978.]

*Julian B. Allen,* of Gary, for appellants.

*Thomas F. Lewis, Jr., Robert W. Mysliwiec,* of South Bend, for appellee.

STATON, P.J.— This action originated when Blockhouse, Inc. brought suit to foreclose a mechanic's lien, naming the parties to this appeal as defendants. Consumer Building Industries, Inc., one of the defendants, filed a cross-claim against these defendants: Inter-City Contractors Services, Inc., David Wilcox, Bryce Styza, and the Gary Housing Authority[1] (hereinafter collectively referred to as "Inter-

---

1.  Pursuant to a trust agreement, Wilcox had been the trustee and titleholder of certain real estate; Inter-City Contractor Services, Inc. was the beneficiary, and Styza was vested with the power to direct the disposition of the property. In 1974, Wilcox, at Styza's direction, conveyed the real estate to the Gary Housing Authority.

City"). The cross-claim alleged that Inter-City was indebted to Consumer for materials furnished and work done on a housing project. The trial court granted summary judgment on the cross-claim in favor of Consumer.

In its appeal to this Court, Inter-City contends that the trial court erred in: (1) granting summary judgment; (2) awarding prejudgment interest; (3) adding interest and attorney's fees to the amount of the lien; and (4) awarding a mechanic's lien on real estate which contained no improvements.

Consumer contends that the appeal is frivolous and urges us to award additional damages pursuant to Ind. Rules of Procedure, Appellate Rule 15(G).

We affirm the judgment of the trial court and deny Consumer's request for additional damages.

## I.

### Summary Judgment

Under the Indiana Rules of Procedure, failure to file an answer to a cross-claim invokes TR. 8(D) of the Indiana Rules of Procedure, which reads as follows:

"(D). Effect of failure to deny. Averments in a pleading to which a responsive pleading is required, except those pertaining to amount of damages, are admitted when not denied in the responsive pleading."

The record shows that Inter-City failed to fail an answer to Consumer's cross-claim. Inter-City also failed to respond in a timely manner to requests for admission served on them by Consumer. The matters contained in the requests were therefore admitted by Inter-City and conclusively established. TR. 36.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. TR. 56. We will not encumber this opinion with a recitation of the averments contained in the cross-claim and the matters covered by the request for admissions. It suffices to say that Inter-City admitted

all of the facts material to Consumer's cause of action. We conclude that there was no genuine issue as to any material fact, that Consumer was entitled to a judgment as a matter of law, and that summary judgment was therefore properly granted.

## II.

### Prejudgment Interest

The trial court found that Inter-City was indebted to Consumer on an account stated between the parties on January 15, 1974. Accordingly, the trial court awarded Consumer interest on the debt from that date. Inter-City argues that the trial court had no authority to award prejudgment interest. There is no merit to that argument, inasmuch as IC 1971, 24-4.6-1-103 (Burns Code Ed., Supp. 1977), specifically authorizes trial courts to impose prejudgment interest on accounts stated.

## III.

### Amount of the Lien

Consumer filed a notice of its intention to hold a mechanic's lien in the amount of $63,689.44. The trial court added interest and attorney's fees to that amount and awarded Consumer a mechanic's lien for the greater amount. Inter-City contends that the amount of the lien should not have exceeded $63,689.44.

The Supreme Court of Indiana has addressed this precise issue. In *Mann v. Schnarr* (1950), 228 Ind. 654, 95 N.E.2d 138, the Indiana Supreme Court held that both interest and attorney's fees were secured by a mechanic's lien and were to be paid out of the proceeds of the sale of the real estate. Interest and attorney's fees were thus properly considered by the trial court in computing the amount of the lien.

## IV.

### Extent of Lien

Consumer contracted with Inter-City to supply materials and furnish labor for an 80-unit housing project. At the time the parties

entered into the contract, the real estate was a single parcel of land. Later, the real estate was divided into eighty-one (81) lots. A community building was to have been constructed on Lot Eighty-one (81). However, that building was thereafter deleted from the construction plans and no improvements were made on Lot Eighty-one (81). The trial court awarded Consumer a lien on all eighty-one lots. Inter-City contends that the trial court erred in granting a lien on Lot Eighty-one (81) inasmuch as that particular lot contained no improvements.

Under these facts, we perceive the dividing of the real estate into eighty-one (81) lots as merely a change in the form of the legal description of the land and nothing more. Consequently, the division of the real estate has no bearing on the extent of the lien. The only issue before us, therefore, is whether a mechanic's lien can be awarded on that portion of the real estate which contains no improvements. IC 1971, 32-8-3-2, Ind.Ann.Stat. § 43-702 (Burns 1965) provides:

> "Extent of Lien. The entire land upon which any such building, erection or other improvements is situated, *including that portion not covered therewith*, shall be subject to lien. . . ." (Our emphasis).

Generally, as much land will be included in and subjected to the lien as is, under the circumstances, proper and necessary to the use and enjoyment of the particular improvements in question. *White v. Stanton* (1887), 111 Ind. 540, 13 N.E. 48. Based on the foregoing authority, it is apparent that the trial court did not err in awarding a lien on Lot Eighty-one (81).

## V.

### Additional Damages

Consumer seeks additional damages pursuant to Ind. Rules of Procedure, Appellate Rule 15(G). That rule authorizes an appellate court to assess additional damages against an appellant who, in bad faith, maintains a frivolous appeal. *Annee v. State* (1971), 256 Ind. 686, 274 N.E.2d 260 (on rehearing). Consumer cites Inter-City's failure to file an answer, it's failure to respond to the requests for admission, and its failure to comply with

AP. 8.3(A)(7)[2] in support of its contention that this appeal was brought in bad faith and for the purpose of seeking delay rather than raising meritorious issues.

We agree that Inter-City's conduct throughout this entire matter has been less than exemplary. We are especially concerned with the inadequacies of Inter-City's appellate brief. The problem, however, is not so much with Inter-City's failure to raise bona fide issues, but with its failure to support its contentions with cogent reasoning and with citations to relevant authorities. Although we are disappointed with the content of Inter-City's brief, we are not convinced that the requisite strong showing of bad faith has been made. *Annee, supra.* Accordingly, Consumer's prayer for relief under AP. 15(G) is denied.

The judgment of the trial court is affirmed.

Hoffman, J. and Lowdermilk, J., (by designation), concur.

NOTE — Reported at 373 N.E.2d 903.

2.  The third sentence of that rule states:
"The argument [portion of the appellate brief] shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review."