**Thomas E. SCHMAL, Appellant (Defendant and Cross-Defendant Below),**

v.

**James ERNST and Joyce Ernst, Appellees (Defendants and Cross-Claimants Below).**

**No. 3–776A179.**

Court of Appeals of Indiana, Third District.

April 3, 1979.

William F. Carroll, Carroll, Barber & Sorbello, Crown Point, for appellant.

Michael L. Muenich, Hand, Muenich & Rodovich, Hammond, for appellees.

GARRARD, Presiding Judge.

The controversy between the parties before this court began in December of 1970 when Federal National Mortgage Association filed its complaint in foreclosure against Thomas E. and Betty L. Schmal and James and Joyce Ernst. The Schmals were the owners of the real estate in question and the Ernsts were purchasing it under contract. The Ernsts filed a third party complaint and cross claim against Thomas Schmal and the Lake Mortgage Company and the Schmals filed a cross claim against the Ernsts for possession and to foreclose the contract purchase interest. The Ernsts subsequently filed an amended third party complaint and cross claim consisting of five counts, two of which were withdrawn, against the Schmals, Lake Mortgage Company, Federal National Mortgage Association, William F. Carroll and Nick Roman, Jr. The third count alleged that the Ernsts had tendered $1,200 to William Carroll to hold in escrow pending settlement of the dispute and that such settlement was never reached but the money was never returned pursuant to the escrow agreement. The other counts, in effect, alleged a conspiracy to remove the Ernsts from the property and to cause the Ernsts to become defendants in the action to foreclose the mortgage. The cross claim demanded over $86,000 in damages.

William Carroll tendered the $1,200 escrow money to the court and was dismissed from the action. Shortly before trial the Ernsts petitioned the court to release the escrow money to them on the basis that there was no controversy over the fact that the money belonged to the Ernsts. Since Schmal had denied the allegations of count three, the petition was denied.

On March 23, 1972, the issues went to the jury which returned a general verdict against Thomas Schmal and assessed damages of $12,500. Judgment was entered on

the verdict. Schmal appealed and the judgment was eventually affirmed. *See State ex rel. Schmal v. Lake Superior Court* (1975), 264 Ind. 73, 339 N.E.2d 58; *Lake Mortgage Co., Inc. v. FNMA et al.* (1975), 262 Ind. 601, 321 N.E.2d 556; *Ernst v. Schmal* (1974 Ind.App.), 308 N.E.2d 732.

■ Five months after the last appellate decision in this matter, the Ernsts again petitioned for release of the escrow money held by the Clerk of the Lake County Superior Court. The petition was again denied and the Ernsts filed a motion to correct errors assigning as error the failure of the court to release the money. Schmal did not contest the release of the money to the Ernsts but requested that it be credited against the judgment of $12,500. The court granted the motion and ordered that the money should be released to the Ernsts but that it was not to be credited against the judgment. Schmal appealed from this order by filing a praecipe and an appellate brief with the belief that he was appealing from an interlocutory order. The Ernsts contend that the order sustaining their motion to correct errors was a final judgment which required Schmal to file a motion to correct errors to preserve error for appeal. We need not reach the question of whether this order was interlocutory or final inasmuch as Schmal has followed the proper procedure to appeal the alleged error. Our Supreme Court, in *P–M Gas & Wash Co., Inc. v. Smith* (1978), Ind., 375 N.E.2d 592, has revised and clarified the procedures by which error is preserved for appeal. The Court held:

"(A) If a party wants to complain about the relief granted to another party, when that other party made a motion to correct error which was granted in whole or in part, then that party can appeal that order, and commence the process under Ind.R.Ap.P. 2(A).

(B) This would not require that party to make a motion to correct error in his own right. In that way, that party then becomes an appellant, and the regular appeal process obtains."

375 N.E.2d at 596, 597.

The Court further stated "[that] it is not necessary for that appellant to file a motion to correct error if appellant does not raise error himself. If appellant seeks [only to appeal the favorable relief given to appellee] because it was incorrect . . ., then it is not necessary for the appellant to do more than request relief on brief in the appellate court." 375 N.E.2d 597.

Therefore, Schmal was not required to file a motion to correct errors on his own behalf since the only error alleged is the failure of the court to apply the $1,200 against the judgment.

Schmal contends that the doctrine of res judicata bars the Ernsts from receiving the escrow money without applying the money against the judgment. We agree.

■ Once a matter has been litigated by the parties and final judgment on the merits has been entered by a court of competent jurisdiction, the parties are precluded by the doctrine of res judicata from relitigating such matter. Any issue necessarily decided in such litigation is conclusively determined as to the parties and is forever at rest. *Mutual Benefit Life Ins. Co. v. Bachtenkircher* (1935), 209 Ind. 106, 198 N.E. 81; *Matter of Big Raccoon Conservancy Dist.* (1977), Ind.App., 363 N.E.2d 1004; *Amann v. Tankersley* (1971), 149 Ind.App. 501, 273 N.E.2d 772. The doctrine is applicable to decisions in a former stage of the same suit as well as decisions in another suit. *Bryant et al. v. Owens* (1953), 232 Ind. 237, 111 N.E.2d 804.

■ In the case at hand, count three of the amended cross claim and Schmal's denial of the allegations contained therein placed into issue the ownership of and entitlement to the escrow money. The general verdict and judgment thereon disposed of the issue. The Ernsts' right to recover from Schmal and the amount to be recovered is incorporated in the $12,500 judgment in favor of the Ernsts. Allowing the Ernsts to recover the escrow money in addition to the judgment is an unlawful modification of the judgment. The judgment not only conclusively established the Ernsts' superior right to such money but also established the total amount to be recovered on

all three counts of the amended cross claim. Therefore, the Ernsts are precluded from obtaining an enlargement of the assessed damages by means of a petition to release the escrow money. The trial court erred in ordering that the $1,200 shall not be credited against the judgment of $12,500. This money, released to the Ernsts, must be credited against the judgment.

The Ernsts' petition for damages pursuant to Indiana Rules of Procedure, Appellate Rule 15(G) must be denied inasmuch as the rule provides for the assessment of damages only if the judgment is affirmed. Furthermore, this court will only assess additional damages against an appellant who in bad faith maintains a wholly frivolous appeal. *Annee v. State* (1971), 256 Ind. 686, 271 N.E.2d 711, *reh. den.* 274 N.E.2d 260; *Inter-City Contractors v. Consumer Bldg. Industries* (1978), Ind.App., 373 N.E.2d 903; *Ind. Telephone Corp. v. Ind. Bell Tel. Co.* (1976), Ind.App., 358 N.E.2d 218.

Reversed and remanded with directions to credit $1,200 against the $12,500 judgment which was previously entered in this action in favor of James and Joyce Ernst.

HOFFMAN and STATON, JJ., concur.