Tracy L. **BROWN** b/n/f Dale E. Brown, Appellant (Plaintiff Below),

v.

**UNION OIL COMPANY OF CALIFOR-NIA, Redigas of Windfall, Inc.** and Truman Cook, Appellees (Defendants Below).

No. 2–579A158.

Court of Appeals of Indiana, Fourth District.

July 14, 1980.

William E. Beck, II, Martin & Beck, John C. Wood, Kokomo, for appellant.

Fell, McGarvey & Trauring, Kokomo, for appellee, Union Oil of California and Redigas of Windfall, Inc.

Butcher, Ball & Brubaker, Kokomo, for appellee, Truman Cook.

YOUNG, Judge.

Brown's minor child, Tracy, received burns on his legs and torso while playing with tire patching glue and matches in Truman Cook's gasoline station in Greentown. Suit was brought against Cook, Union Oil Company of California and Redigas of Windfall, Inc. Brown contended that Cook was the agent of Union Oil and Redigas. Upon motion, summary judgment was granted in favor of Union and Redigas. From that judgment, Brown appeals. We affirm.

The issue presented for our review is whether the trial court's finding that there was no genuine issue as to any material fact and that Union and Redigas were entitled to judgment as a matter of law was correct.

The premises upon which the accident occurred were leased by Union which in turn leased to Redigas. Redigas then entered into a dealer agreement with Cook. The agreement provided for pricing of gasoline at a fixed sum and Brown argues that subsequent price changes as revealed by deposition testimony are indicative of Union's control over Cook thus establishing the latter as Union's agent rather than an independent contractor as urged by Union and Redigas. Consequently, Brown urges, there was a genuine issue of material fact, for the jury and the trial court erred. No liability could be imputed to the oil company for the acts or omissions of an independent contractor. *Burkett v. Crulo Trucking Co.*, (1976) Ind.App., 355 N.E.2d 253. There is no dispute of the fact that neither Union nor Redigas were in possession of the premises when the accident occurred.

■ Brown's theory of recovery turns on whether a principal-agent relationship existed between Union, Redigas, either as principals, and Cook as an agent. However, by his failure to admit or deny requests for admissions, Brown has foregone that theory.

Pursuant to Ind.Rules of Procedure, Trial Rule 36, Union and Redigas filed and served upon Brown their request for the admission of facts on March 30, 1977. On April 29, 1977, Brown asked the trial court to enlarge the time for his response to the request. Although the trial court granted his motion and gave the requested relief, no answer was filed. Among the matters for which admission or denial was requested were the following:

1. Does the Plaintiff admit or deny that the Defendant, Truman Cook, was not an agent of the Defendant Union Oil Company of California at any time relevant to the aforecaptioned cause?

2. Does the Plaintiff admit or deny that the Defendant, Truman Cook, was not the agent of the Defendant, Redigas of Windfall, Inc. at any time relevant to the aforecaptioned cause?

3. Does the Plaintiff admit or deny that the Plaintiff does not rely upon the doctrine of actual agency in order to predicate liability upon the Defendant Union Oil Company of California in the aforecaptioned cause?

4. Does the Plaintiff admit or deny that he relies upon the doctrine of actual agency in order to predicate liability upon the Defendant Redigas of Windfall, Inc., in the aforecaptioned cause?

5. Does the Plaintiff admit or deny that he does not rely upon the doctrine of "Apparent agency or apparent authority as referred to in Restatement 2d, Agency § 8."

6. Does the Plaintiff admit or deny that he does not rely upon the doctrine of

"agency by estoppel as referred to in Restatement of Agency, 2d § 8B."

7. Does the Plaintiff admit or deny that he does not rely upon the doctrine of strict liability?

Union and Redigas argue that at the time their summary judgment motion was filed on August 12, 1977 these requests were deemed admitted pursuant to TR. 36(A). We agree. The trial rule reads, in part, as follows:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within a period designated in the request, not less than thirty [30] days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.

Since Brown failed to respond to the Request for Admissions, it is established for purposes of this cause that Cook was not an agent of either Union or Redigas at the time of the accident. In addition, Brown admits that he was not relying upon the doctrine of apparent agency, agency by estoppel or strict liability. Requests for Admission may properly address statements or opinion of fact or application of law to a fact. *See generally* 3 C. Thompson & J. Proffitt, Indiana Forms of Pleading and Practice 36–3 (1978); 3 W. Harvey, Indiana Practice 60 (1970). The trial court's judgment is supported by the failure of Brown to respond in a timely manner to the Request for Admission. *Inter-City Contractors Services, Inc. v. Consumer Building Industries, Inc.*, (1978) Ind.App., 373 N.E.2d 903.

Affirmed.

MILLER, P. J., and CHIPMAN, J., concur.