**Harold (Rick) HAGGARD, Appellant (Plaintiff Below),**

v.

**Gene V. HAYDEN, Individually; Chief Gene V. Hayden, Muncie Police Department; Alan Wilson, Mayor of Muncie; Muncie City Common Council; Police and Fire Merit Commission, City of Muncie; Muncie Police Department; John Doe Ranked Muncie Police Officers Appointed by Chief Gene V. Hayden, Appellees (Defendants Below).**

**No. 2–185A25.**

Court of Appeals of Indiana, Second District.

June 25, 1986.
Rehearing Denied Sept. 16, 1986.

Franklyn D. Brinkman, Muncie, for appellant.

Ronald K. Smith, Muncie, for appellees.

SHIELDS, Judge.

The Appellant Harold (Rick) Haggard, a Muncie, Indiana policeman, instituted the present five count action for an alleged § 1983 civil rights violation and an alleged intentional tort by Appellees, Gene V. Hayden, Individually; Chief Gene V. Hayden, Muncie Police Department; Alan Wilson, Mayor of Muncie; Muncie City Common Council; Police and Fire Commission, City of Muncie; Muncie Police Department; and John Doe Ranked Muncie Police Officers Appointed by Chief Gene V. Hayden (the City). The trial court, without a jury, found for Haggard on each count and awarded him damages totaling $25,000, attorneys fees, and injunctive relief.

The City filed a Motion to Correct Error. In the entry denying the City's motion, the trial court, on its own motion, set aside its judgment of damages on Haggard's Counts 2, 3, and 5 and ordered a new trial on damages on these counts. Haggard now appeals the trial court's order.

We reverse.

Indiana Rule of Trial Procedure 59(D) requires "[e]ach claimed error [in a motion to correct error] shall be stated in specific rather than general terms, and shall be accompanied by a statement of the facts and grounds upon which the errors are based." Like parties who file a motion to correct error, the trial court, too, is required to comply with the rule when it *sua sponte* finds error. In *Lake Mortgage Co. v. Federal National Mortgage Association* (1975), 262 Ind. 601, 321 N.E.2d 556, the trial court granted a new trial on its own motion[1] "because of the complexity of the

---

1. At the time of the decision in *Lake Mortgage Co. v. Federal Nat'l. Mtg. Ass'n.* (1975), 262 Ind. 601, 321 N.E.2d 556, Indiana Rule of Trial Procedure 59(A) and (B) read as follows:

"(A) Motion to correct errors—When granted. The court upon its own motion or the motion of any of the parties for or against all or any of the parties and upon all or part of the issues shall enter an order for the correction of errors occurring prior to the filing thereof, including, without limitation, the following:

(1) Denial of a fair trial by any irregularity in the proceedings of the court, jury or prevailing party, or any order of court, abuse of discretion, misconduct of the jury or prevailing party;

(2) Accident or surprise which ordinary prudence could not have guarded against;

(3) Excessive or inadequate damages, amount of recovery or other relief;

(4) The verdict or decision is not supported by sufficient evidence upon all necessary elements of a claim or defense, or is contrary to the evidence specifically pointing out the insufficiency or defect;

(5) Uncorrected error of law occurring and properly raised in the proceedings or prior to, at or subsequent to the trial;

(6) Newly discovered material evidence which could not, with reasonable diligence have been discovered and produced at the trial;

(7) Correction of a judgment subject to correction, alteration, amendment or modification; or

issues herein, the jury may have been confused in its conclusions and verdict." 262 Ind. at 603, 321 N.E.2d at 557. On appeal, the Indiana Supreme Court agreed a trial court, upon its own motion, may grant relief for errors specified in T.R. 59(A)(1–9). However, the court further held the trial court, in so doing, was required by the then numbered T.R. 59(B) to support the asserted error with "a statement of the facts and grounds upon which the errors are based." Accordingly, the Supreme Court held the trial court erred in granting a new trial based on the trial court's "unsupported conclusion that the jury was confused by the complexity of the issues." 262 Ind. at 607, 321 N.E.2d at 560.

In the present case, the trial court *sua sponte* [2] ordered a new trial on damages, stating "the tenor of testimony concerning Carolyn Haggard's [Haggard's wife's] ces-

sation of employment was misleading and would have had an effect upon the judge's attitude in awarding damages in Counts 2, 3, and 5 as to become in effect an improper element in considering damages in those counts." R. at 123. The trial court's entry is as deficient as the entry in *Lake Mortgage Co.* Just as the *Lake Mortgage Co.* court failed to provide a statement of facts on which it based its conclusion the jury was confused by the complexity of the issues, so, too, the instant trial court failed to provide a statement of facts supporting its conclusions the tenor of testimony concerning Carolyn Haggard's cessation of employment was misleading and affected the award of damages to her husband.

Indeed, the trial court could not provide such a statement because the record is devoid of evidence which supports its conclusion. The only "evidence" before the

(8) The verdict or decision being contrary to law specifically pointing out the insufficiency or defect;
(9) For any reason allowed by these rules, statute or other law.
(B) Form of motion. A motion to correct error shall state the issues upon which error is claimed, but the issues are not required to be stated under or in the language of the reasons allowed by these rules, by statute or by other law. The statement of claimed errors shall be specific rather than general, and shall be accompanied by a statement of the facts and grounds upon which the errors are based."
Subsequently, T.R. 59 was amended and the corresponding sections, as amended, are as follows:
"(A) Motion to Correct Error—Bases for. The bases for a motion to correct error are established, without limitation, as follows:
(1) Denial of a fair trial by any irregularity in the proceedings of the court, jury or prevailing party, or any order of court, abuse of discretion, misconduct of the jury or prevailing party;
(2) Accident or surprise which ordinary prudence could not have guarded against;
(3) Excessive or inadequate damages, amount of recovery or other relief;
(4) The verdict or decision is not supported by sufficient evidence upon all necessary elements of a claim or defense, or is contrary to the evidence specifically pointing out the insufficiency or defect;
(5) Uncorrected error of law occurring and properly raised in the proceedings or prior to, at or subsequent to the trial;
(6) Newly discovered material evidence which could not, with reasonable diligence have been discovered and produced at the trial;

(7) Correction of a judgment subject to correction, alteration, amendment or modification; or
(8) The verdict or decision being contrary to law specifically pointing out the insufficiency or defect;
(9) For any reason allowed by these rules, statute or other law.
(B) Filing of Motion. The motion to correct error may be made by the trial court, or by any party.

. . . . .

(D) Errors Raised by Motion to Correct Error, and Content of Motion.
(1) Errors Raised by Motion to Correct Error. A motion to correct error shall be addressed to those errors claimed to have occurred prior to the filing of the motion.
(2) Content of Motion. In all cases in which a motion to correct error is made, such motion shall separately state the error or errors which are claimed. The error claimed is not required to be stated under, or in the language of the bases for the motion allowed by this rule, by statute, or by other law. Each claimed error shall be stated in specific rather than general terms, and shall be accompanied by a statement of the facts and grounds upon which the errors are based."

2. The trial court's entry evidences the fact it did not grant relief on the basis of the City's motion to correct error. The entry specifically overruled each specification of the City's asserted error.

trial court which attacked the trial testimony concerning Carolyn Haggard's employment was the "evidence" which the City asserted was "newly discovered" in its motion to correct error. Necessarily, then, only that "evidence" could lead the trial judge to conclude the "tenor of the testimony concerning Carolyn Haggard's cessation of employment was misleading" (Record at 139) and impacted on the award of damages to her husband. However, the trial court specifically overruled the City's claim of error based upon the asserted "newly discovered evidence." The trial court found the alleged "newly discovered evidence" was available and could have been discovered before trial and, therefore, could not constitute the basis for the grant of a new trial. If it could not form the basis for a new trial on a party's motion because it was not newly discovered, it is a similarly inadequate basis for a new trial on the court's own motion.

Therefore, the trial court erred in granting a new trial on damages on its own motion because it failed to provide a statement of facts supporting its conclusion of error as required by T.R. 59(D). Further, the trial court could not provide the requisite statement of facts due to a lack of supporting evidence in the record.

The judgment of the trial court granting a new trial on damages on Haggard's Counts 2, 3 and 5 is reversed and this cause remanded to the trial court with instructions to reinstate the judgment in favor of Haggard on Counts 2, 3 and 5.

SULLIVAN and MILLER, sitting by designation, JJ., concur.