**Stephen TANCOS, Appellant (Defendant-Counter-Plaintiff Below),**

v.

**A.W., INC., Appellee (Plaintiff-Counter-Defendant Below).**

**No. 4–785 A 202.**

Court of Appeals of Indiana, Fourth District.

Dec. 23, 1986.
Rehearing Denied Feb. 2, 1987.

110

William H. Tobin, Saul I. Ruman & Associates, Hammond, for appellant.

Fred M. Cuppy, Kathryn D. Schmidt, Thomas, Burke, Dyerly & Cuppy, Merrillville, for appellee.

CONOVER, Presiding Judge.

Defendant-Counterclaimant/Appellant Stephen Tancos (Tancos) appeals the trial court's granting of a directed verdict, new trial and judgment notwithstanding the verdict.

We reverse.

ISSUES

Tancos presents four issues for our review. We restate them as

1. whether the judgment dated May 6, 1985 is valid;

2. whether the court erred in vacating the jury's verdict and dismissing Tancos's counterclaim;

3. whether the court erred in granting AWI a new trial on its complaint;

4. whether the court erred in directing a verdict on AWI's abuse of process and slander of title claims.

FACTS

On August 31, 1981, Tancos entered into an installment contract to sell two auto parts stores to Robert Fricano, Daniel Tancos and their wives (debtors). Along with the installment contract, a security agreement and agreement of sale and purchase were executed. Tancos filed a UCC financing statement with the Indiana Secretary of State on November 9, 1981.

After purchasing the stores from Tancos, the debtors purchased parts from AWI on account and executed installment notes and security agreements with AWI. AWI filed its UCC financing statement with the Indiana Secretary of State on November 19, 1981.

On October 11, 1982, Tancos sent a notice of intent to retake possession of the stores to AWI. On October 15, 1982, Tancos retook possession of the stores pursuant to the security agreement. At this time the amount of indebtedness owed Tancos was $177,118. Tancos conducted an inventory of the stores and found $170,554 worth of parts. Obligations to AWI totaled $111,380.

On November 3, 1982, AWI filed suit to have its security interest declared superior to Tancos's security interest and enjoining Tancos from operating the stores. Injunctive relief was denied; however, Tancos was required to dispose of the repossessed collateral under IND. CODE 26–1–9–505. AWI was allowed to conduct an independent inventory of the stores. According to

AWI, inventory amounts totaled $269,230. Tancos proposed to sell the auto parts inventory in the ordinary course of business pursuant to 26–1–9–504. The proceeds of this dissolution were insufficient to satisfy debtor's obligation to Tancos, according to Tancos.

Tancos discovered AWI had retaken inventory collateral from the debtors. The amount of retaken inventory was estimated to be $30,000.

On November 16, 1984, the trial court entered judgment on the jury's verdict in favor of Tancos, both as to AWI's complaint and Tancos's counterclaim. Previously, the court had dismissed Tancos's abuse of process and slander of title paragraphs therein, but the jury had awarded Tancos money damages on the remaining paragraphs.

Both parties then timely filed motions to correct errors on January 15, 1985, which were heard by the trial court on February 2, 1985. Thereafter, the trial judge entered judgment n.o.v. for AWI as to Tancos's counterclaim, and granted AWI a new trial, all on May 6, 1985. The minute entry showing the court's judgment and order granting the new trial was placed in the court's "out" basket for the clerk after signing by the judge. However, it was not entered into the order book in due course of the existing administrative routine because it was misfiled in the clerk's office and temporarily lost.

On May 8, 1985, 95 days after the hearing on the parties' motions to correct errors, Tancos filed a pleading entitled "Praecipe for Denial of Plaintiff/Counter-Defendant's Motion to Correct Errors". It requested the clerk to enter notice of record AWI's motion to correct errors was "deemed denied" pursuant to Ind.Rules of Procedure, Trial Rule 53.3.[1] On May 24,

1. Trial Rule 53.3 [denominated by some "the Lazy Judge" rule] provides in part
 (A) Time Limitation for Ruling on Motion to Correct Error. In the event a court fails for forty-five (45) days to set a motion to correct error for hearing, or fails to rule on a motion to correct error within thirty (30) days

after it was heard or forty-five (45) days after it was filed, if no hearing is required, upon application of any interested party, the pending motion to correct error may be deemed denied.

\* \* \* \* \* \*

1985, the clerk made the requested entry. It stated AWI's motion to correct errors was deemed denied because a ruling thereon had been delayed beyond T.R. 53.3(A)'s time limit.

On June 6, 1985, the clerk found the trial court's misfiled May 6th minute entry. The clerk immediately made an entry purportedly vacating the May 8th filing of Tancos's T.R. 53.3 praecipe and the May 24th entry deeming AWI's motion to correct errors denied, then entered the trial court's May 6th judgment and order granting AWI a new trial of record in the order book.

Thereafter, on June 28th, Tancos filed a motion to vacate the May 6th judgment and order, then on July 5th filed a praecipe for record of the proceedings, and finally filed a T.R. 53.1 praecipe to remove consideration of the motion to vacate the May 6th judgment and order from the trial judge on July 29th.[2] Our Supreme Court then appointed a special judge. He ruled on October 16, 1985, the trial court's judgment of May 6, 1985, was valid. Tancos filed no motion to correct errors as to this ruling.

DISCUSSION AND DECISION

I. *Procedural Issue*

Tancos claims the judgment entered May 6, 1985, is invalid. Specifically, Tancos argues his Trial Rule 53.3 motion divested the court of jurisdiction in this case. We disagree.

■ Although a court speaks only through its record which is its order book,

a judgment is effective between the parties from the time it is rendered. *State v. Bridenhager, et al.* (1971), 257 Ind. 544, 276 N.E.2d 843, 844. The entry in the order book made by the clerk is purely a ministerial function. *Bailer v. Dowd* (1942), 219 Ind. 624, 40 N.E.2d 325, 326. A paper is filed when delivered to the clerk. *Morthland v. Lincoln National Life Ins. Co.* (1942), 220 Ind. 692, 42 N.E.2d 41, 46. Here, the court's judgment was rendered and became effective, as between the parties, on May 6, 1985. Tancos filed his T.R. 53.3 motion after that date. Therefore, the judgment of May 6, 1985, is valid. Tancos's T.R. 53.3 motion was filed too late.

AWI claims the judgment is effective when entered and therefore Tancos has failed to file a timely appeal. Although the judgment was entered May 6, 1985, the clerk failed to file it of record until June 6, 1985.

■ When a party is misinformed by the clerk of the court about the day the motion to correct errors was ruled upon, the party will not always be held to the thirty day limit for filing a praecipe. *See Soft Water Utilities, Inc. v. LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745. Lack of information because of the clerk's misfiling error in this case is tantamount to *LeFevre's* misinformation.

Tancos believed he had a favorable ruling until he was given actual notice to the contrary on June 6, 1985. Nor can Tancos be charged with constructive notice thereof. Since a trial court speaks officially

(E) Procedure for Withdrawing Submission. Upon the filing by an interested party of a praecipe specifically designating the motion or decision delayed, the Clerk of the court shall enter the date and time of the filing in the Clerk's praecipe book, record the filing in the docket under the cause, and determine whether or not a ruling has been delayed beyond the time limitation set forth under Trial Rule 53.1 or 53.2.

 \* \* \* \* \* \*

(2) If the Clerk determines that a ruling or decision has been delayed beyond the time limitation set forth under Trial Rule 53.1, or 43.2, the Clerk shall give written notice to the judge of the cause and the Supreme Court of Indiana that submission of the cause has been

withdrawn effective as of the time of the filing of the praecipe and enter a notation of this determination in the docket under the cause.

2. Trial Rule 53.1 provides in part

(A) Time Limitation for Ruling. In the event a court fails for thirty (30) days to set a motion for hearing or fails to rule on a motion within thirty (30) days after it was heard or thirty (30) days after it was filed, if no hearing is required, upon application by an interested party, the submission of the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge.

only through its order book, *Bridenhager*, 276 N.E.2d at 844, constructive notice cannot be charged here until the date the judgment was actually spread of record by the clerk, i.e., June 6, 1985.

The facts of this case present a situation where equitable relief is appropriate because Tancos did not receive timely notice, actual or constructive, of the trial court's ruling on the motion to correct errors and judgment n.o.v. *See Brendonwood Common v. Kohlenbeck* (1981), Ind. App., 416 N.E.2d 1335. Tancos filed his praecipe for record on July 5, 1985, twenty-nine days after June 6, 1985. Thus, this appeal was timely initiated.

## II. *Dismissal of Counterclaim*

A jury's verdict may be set aside only where a latent lack of evidence exists or the verdict is contrary to the uncontradicted evidence. *Bymaster v. Bankers National Life Ins. Co.* (1985), Ind., 480 N.E.2d 273, 281. When the trial court considers a motion for judgment on the evidence subsequent to the jury's verdict, it must view the evidence in a light most favorable to the nonmoving party. The trial court may enter judgment only if there is no substantial evidence or reasonable inference to be adduced therefrom to support an essential element of the claim. The evidence must point unerringly to a conclusion not reached by the jury. *Huff v. Travelers Indemnity Co.* (1977), 266 Ind. 414, 363 N.E.2d 985, 990. If there is relevant evidence supporting the verdict, the motion may not properly be granted. *Id.* The final determination is left to the factfinder. *Id.*

Here, the court overturned the jury's $25,000 award on Tancos's counterclaim and dismissed it. Tancos argues, and we agree, relevant probative evidence was presented on this issue and the court erred when it reversed the jury's verdict.

The trial court held AWI's taking of inventory items was a "stock adjustment" normal in the ordinary course of business. (R. 142). On this theory, the court set aside Tancos's claims for conversion and interference with a contractual relationship.

Tancos presented relevant evidence of probative value the stock adjustment conducted by AWI was in fact a repossession. The stock reductions were many times the industry average during 1982. Also, experts testified the volume of inventory reduction due to stock adjustments was not common. Finally, adjustment implies a taking followed by replacement; however, almost none of the inventory reduction due to stock adjustment was replaced by AWI.

Under these circumstances, it was error for the judge to vacate the judgment for Tancos and enter a judgment notwithstanding the jury's verdict.

## III. *Grant of New Trial*

The court's standard in reviewing a grant of a new trial was established in *Memorial Hospital v. Scott, et al.* (1973), 261 Ind. 27, 300 N.E.2d 50, 54:

The sole duty of an appellate court is to examine the record to see if:

(a) the trial court abused its judicial discretion;

(b) a flagrant injustice has been done the appellant; or

(c) a very strong case for relief from the trial court's ordering a new trial has been made by the appellant.

A trial court's granting of a new trial is given a strong presumption of correctness. *Huff, supra*, 363 N.E.2d at 994.

The judge stands as a thirteenth juror and may order a new trial when the court determines the jury's verdict is against the weight of the evidence. *See,* T.R. 59(J)(7).

In accordance with T.R. 59 the court enumerated its reasons for ordering a new trial. The court held the jury instructions for conversion and interference with a contractual relationship were improperly presented to the jury. This, the court reasoned, was unnecessary and confused the jury.

As set out in section II above, conversion and interference with the contractual relationship were properly before the jury. Therefore, the court erred in its reasons for ordering a new trial.

 When the trial court does not enumerate adequate reasons for granting a new trial, it must be reversed. *See, Ernst v. Schmal, et al.* (1975), 262 Ind. 601, 321 N.E.2d 556. The trial court erred in granting a new trial on the court's unsupported conclusion the jury was confused. *Id.* 321 N.E.2d at 560.

## IV. *Judgment on the Evidence*

 A trial court may properly grant a defendant's motion for judgment on the evidence only when there is no evidence on one or more of the critical elements of the plaintiff's cause of action or the evidence with respect thereto is without conflict and leads only to inferences in favor of the defendant. *Welch v. Railroad Crossing, Inc.* (1986), Ind.App., 488 N.E.2d 383, 387.

 Thus, when there is a failure of proof on an essential element of the plaintiff's case, the trial court is correct in taking the case from the jury. *See Craven v. Niagra Machine and Tools Works, Inc.* (1981), Ind.App., 417 N.E.2d 1165, *reh. granted on other grounds*, (1981), 425 N.E.2d 654, *trans. denied.* In addition, if an essential element of the plaintiff's case must be inferred from and based on circumstantial evidence, the question is one of the reasonableness of the necessary inference. *See Senco Products, Inc. v. Riley* (1982), Ind.App., 434 N.E.2d 561. If the jury could have reached a verdict in favor of the plaintiff only by drawing unreasonable inferences, we must uphold the judgment on the evidence for the defendant as proper. When a verdict for the plaintiff "could only have been based on surmise, conjecture or speculation as to one or more of the necessary elements of the claim[, it] should not be permitted to stand." *Id.* 434 N.E.2d at 567. Consequently, the trial court may consider only the evidence most

favorable to the nonmoving party. *See Welch, supra.* In reviewing the trial court's ruling on a motion for judgment on the evidence, we are bound by the same standards which govern the trial court's decision in the first instance. *Senco, supra.*

### a. *Slander of Title*

 Before a claimant is entitled to a judgment for slander of title, he must prove defendants made malicious false statements and as a consequence the plaintiff sustained pecuniary loss as a necessary and proximate consequence thereof. *Display Fixtures, Inc. v. R.L. Hatcher, Inc.* (1982), Ind.App., 438 N.E.2d 26, 31.

Here, the record lacks any reference to a pecuniary loss sustained by Tancos due to the suit being filed by AWI. Tancos argues if the stores would have been closed, he would have suffered a great financial loss. The court overruled AWI's request for an injunction closing the auto parts store. Tancos continued to operate the auto parts store and never suffered the pecuniary loss as a result of the suit being filed.

 The essence of a slander of title claim is an unfounded claim is made by one party concerning the ownership or security interest in property of another party, resulting in a financial loss to the rightful owner. *See Display Fixture, supra.* Here, no loss from AWI's claim was alleged or proven by Tancos.[3] Because Tancos failed to allege an essential element of slander of title, the court properly dismissed his slander of title counterclaim.

### b. *Abuse of Process*

We turn now to the dismissal of Tancos's abuse of process claim. Tancos argues AWI filed suit in order to force Tancos to acknowledge AWI's liens were superior to his own. This, he argues, was done by AWI without having a valid basis for the claim.

---

**3.** Tancos misunderstands the law when he claims his losses due to attorney fees in defending a law suit supports a claim for slander of title.

Abuse of process requires a finding of misuse or misapplication of process, for an end other than that which it was designed to accomplish. *Display Fixtures, supra*, 438 N.E.2d at 31. It is undisputed AWI had a security interest in the inventory held by Tancos in the auto parts store. AWI had no first hand knowledge of the value of the inventory under Tancos's control. Thus, AWI had probable cause to believe it might have a legitimate interest in the auto parts inventory. Trying to adjudicate the value of these parts and even asking the court to protect these parts from being sold by Tancos before being valued, is a legitimate use of the judicial system.

Furthermore, one of the debtors was Tancos's brother. AWI claims and Tancos seems to admit his brother took $50,000 in cash from the auto parts store when Tancos repossessed it. AWI had a right to protect its security interest in the auto parts inventory.

Reversed and remanded with instructions to the trial court to (a) enter judgment for Tancos on the jury's verdict, and (b) deny AWI's motion to correct errors.

MILLER and YOUNG, JJ., concur.