**Vera June ALBRIGHT and Bobby G. Albright, Appellants–Plaintiffs,**

v.

**Michael PYLE, M.D., Hendricks County Radiology, Inc., and John P. Calhoon, M.D., Appellees–Defendants.**

**No. 49A04–9306–CV–201.**

Court of Appeals of Indiana, Fourth District.

May 9, 1994.

J.D. Calbert, Greencastle, for appellants-plaintiffs.

John C. McColley, Whitham, McColley & Ross, P.C., Sally F. Zweig, John David Hoover, Johnson Smith Densborn Wright & Heath, Indianapolis, for appellees-defendants.

CHEZEM, Judge.

*Case Summary*

Appellants-plaintiffs, Vera June Albright and Bobby G. Albright ("Albrights"), appeal the grant of summary judgment in favor of Appellees-defendants, Michael Pyle, M.D. ("Pyle"), Hendricks County Radiology, Inc. ("Radiology"), and John P. Calhoun, M.D. ("Calhoun"). We dismiss the appeal because there is no final appealable judgment.

*Issues*

Albrights present two issues for review, restated as:

   I.  Whether Albrights' Motion to Treat the Summary Judgment Motions as Motions for Judgment on the Pleadings was properly denied.

  II.  Whether Pyle, Radiology, and Calhoun were entitled to summary judgment.

*Facts and Procedural History*

On December 6, 1991, Albrights filed a Complaint for Medical Malpractice against Pyle, Radiology, and Calhoun. Upon motion of one of the parties, the case was venued

from Hendricks County to Marion County. Pyle, Radiology, and Calhoun filed their motions for summary judgment on September 16, 1992. Albrights filed a motion to treat the summary judgment motions as motions for judgment on the pleadings on October 20, 1992.

The trial court heard oral arguments on the summary judgment motions on November 9, 1992. The Chronological Case Summary (CCS) shows that the court granted the summary judgment motions and denied Albrights' motion on November 12, 1992. The parties did not receive notice of the court's ruling until January 11, 1993.

Albrights filed a Motion for Relief from Judgment pursuant to Trial Rule 60(B)(8) on January 22, 1992. The CCS shows that the court granted this motion on March 4, 1993, and vacated the judgment from November 12, 1992. Also on March 4, 1993, the court re-entered its judgment from November 12th, granting summary judgment in favor of Pyle, Radiology, and Calhoun, and denying Albrights' motion to treat summary judgment as motion for judgment on the pleadings. Albrights timely filed their praecipe for appeal on March 11, 1993. A Stipulation of Dismissal was filed with the Indiana Department of Insurance on October 27, 1993, whereby Albrights agreed to dismiss Radiology and Calhoun from the case, with prejudice.

### Discussion and Decision

We are unable to address the issues Albrights present on appeal because there is no final appealable judgment. The orders from which Albrights appeal, i.e. the order granting summary judgment dated November 12, 1992, and the order re-entering summary judgment dated March 4, 1993, do not appear in the record.

Appellate Rule 4(A) provides that "[a]ppeals may be taken by either party from all final appealable judgments of circuit, superior, probate, criminal, juvenile, county, and where provided by for municipal Courts." Our supreme court has defined "final judgment" as an order or judgment which irretrievably disposes of one or more issues between two or more parties to a case and leaves nothing for further determination. *Krick v. Farmers and Merchants Bank of Boswell* (1972), 151 Ind.App. 7, 279 N.E.2d 254.

Under Trial Rule 58(A), "... upon a verdict of a jury, or upon a decision of the court, the court shall promptly prepare and sign the judgment, and the clerk shall thereupon enter the judgment in the Record of Judgments and Orders and note the entry of the judgment in the Chronological Case Summary and Judgment Docket." The record reveals that the judge did not sign the judgments granting summary judgment and enter them into the Record of Judgments and Orders. The CCS contains notations that the court granted the summary judgment motions in favor of Pyle, Radiology, and Calhoun, but the notations do not refer to any order book entries.

We issued two Orders For Writ Of Certiorari to the Clerk of the Marion Circuit Court. These orders directed the Clerk of the Marion Circuit Court to deliver the order book entries for the judgments granting summary judgment to us for consideration in this appeal. On both occasions, the Clerk sent the CCS. As such, we do not have record that the court complied with T.R. 58(A).

A trial court speaks officially through its order book. *Tancos v. A.W., Inc.* (1986), Ind.App., 502 N.E.2d 109, 113, *reh'g denied, trans. denied.* Because we do not have a record showing an entry in the order book for the summary judgment motion, the court has not "spoken" on the motions. Therefore, the court has not rendered a final appealable judgment on the motions for summary judgment.

Appeal dismissed.

MILLER and HOFFMAN, JJ., concur.