RICHARD C. BREDEMEYER v. JANET E. COOPER.

[No. 171A12, Filed December 29, 1971.]

*Ramon S. Perry, Philip H. Larmore, Adair, Perry, Beers, McAlister & Mallers,* of Fort Wayne, for appellant.

*Stanley A. Levine, Blume, Wyneken, Levine & Clifford,* of Fort Wayne, *Phil McNagny, Jr., Gates, Gates & McNagny,* of Columbia City, for appellee.

WHITE, J.—Plaintiff-appellee's negligence action against defendant-appellant for damages for personal injuries allegedly resulting from an automobile collision was tried to a jury. The verdict was for defendant-appellant but the trial

judge sustained plaintiff's motion to correct errors by the following order:

> "The Court having taken under advisement plaintiff's motion to correct errors, now sustains said motion to correct errors for the reason that the verdict heretofore rendered is not supported by sufficient evidence upon the necessary elements of liability and damages and is contrary to the evidence in that the evidence in said trial showed that the defendant was negligent and that the plaintiff was not contributorily negligent and that the plaintiff was damaged to some extent.
> "IT IS THEREFORE ORDERED AND ADJUDGED BY THE COURT that a new trial be granted to the plaintiff."

Both the parties have treated the order as being based on the trial judge's determination that the verdict is against the weight of the evidence. If that was his determination, it was his duty to grant a new trial. Trial Rule 59(E)(7) unmistakably states that duty thus: "In reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a non-advisory jury is against the weight of the evidence; . . . ." Our duty on appeal is to affirm unless it is clearly demonstrated that the trial court abused its discretion, which has not here been done. *Bailey* v. *Kain* (1963), 135 Ind. App. 657, 192 N. E. 2d 486.

But TR 59(E)(7) also requires:

> "When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the finding shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; . . . ."

The entry made clearly fails to comply with that requirement. Had it been followed our task might have been easier and the

briefs of the attorneys more directly to the point. It may even be that an ample finding and statement by the trial court could have obviated an appeal. But now that the case is here on appeal and has been fully argued by both sides we see nothing to be gained by ordering the trial judge to comply with the rule. Apparently the appellant who raises the question here failed to raise it below.

We want to emphasize, however, that our failure to require compliance with TR 59 (E) (7) in this case should not be taken as a signal that the rule is to be ignored. We are certain that many cases will arise in which compliance will be necessary to a review in this court.

The briefs of the parties have demonstrated that reasonable men could have found from the evidence as did the jury and that equally reasonable men could have found as did the trial court. We find no abuse of discretion.

Judgment affirmed.

Hoffman, C. J., Sharp and Staton, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 615.