**Kevin Tyrone BROWN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 583S166.

Supreme Court of Indiana.

Dec. 14, 1983.

Patrick E. Chavis, III, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was tried by a jury on Count I, Attempted Murder, I.C. § 35–42–1–1 and IC § 35–41–5–1 [Burns 1979], and Count II, Robbery, IC § 35–42–5–1 [Burns 1979]. At the first of two trials, the jury was deadlocked. The trial judge released the hung jury and ordered a new trial. The jury at the second trial found appellant guilty on both counts. The court sentenced him to forty-two (42) years imprisonment for each count and ordered the sentences to run concurrently.

Appellant concedes the waiver of the first seven issues raised in his brief. We have consolidated the remaining issues to address the question of whether the trial court erred in determining the jury had reached a unanimous verdict. The gist of appellant's argument is that, although the jury returned a written verdict form finding appellant guilty, the subsequent polling of the jury revealed the verdict was not unanimous. He contends juror number one indicated her dissent to the verdict during polling, and that the verdict is therefore defective.

At the time of appellant's trial, the procedure for ensuring the unanimity of a verdict was set out in IC § 34–1–21–9, as made applicable to criminal proceedings by IC § 35–4.1–2–2 (repealed by Acts 1981, P.L. 298, § 9).

"When the jury have agreed upon their verdict, it must be reduced to writing and signed by the foreman; and when returned into court, the foreman shall deliver the verdict, and either party may poll the jury. If any juror dissent [sic] the verdict, they shall again be sent out to deliberate." IC § 34–1–21–9.

The object of the poll is to give the parties an opportunity to ascertain with certainty that a unanimous verdict has been reached before the verdict is recorded and the jury discharged. *See Miranda v. United States,* (1st Cir.1958) 255 F.2d 9, 17. It is essential to the effective exercise of defendant's right to poll the jury that defense counsel carefully observe the response of each juror upon being asked, "Is this your verdict?" Just as the right to poll may be waived by failing to request same, or by failing to object to the judge's refusal to conduct the poll, *Joy v. State,* (1860) 14 Ind. 139; *Short v. State,* (1878) 63

Ind. 376, any errors allegedly occurring at the polling may be waived.

Appellant was represented by counsel at the trial and during the polling of the jury. Counsel at no time objected to any discrepancy between the jurors' written verdict and their responses upon being asked individually.

At the sentencing hearing, appellant, in the presence of counsel, was asked by the judge if he had any legal cause or reasons why judgment should not be pronounced. He gave no reason. However, in his Motion to Correct Error, the question is raised for the first time. The affidavits of juror number one, and Brenda J. Bowles, attorney at law, who apparently was neither a juror nor an attorney in this cause, are attached pursuant to Ind.R.Tr.P. 59(H).

■ Affidavits or testimony of jurors cannot be considered to impeach their verdict. *Solomon v. State*, (1982) Ind., 439 N.E.2d 570; *Stinson v. State*, (1974) 262 Ind. 189, 313 N.E.2d 699; *Stader v. State*, (1983) Ind.App., 453 N.E.2d 1032. "Even the slightest consideration of such a practice under these circumstances would create an intolerable situation and no jury verdict would ever be lasting or conclusive." (Citations omitted.) *Wilson v. State*, (1970) 253 Ind. 585, 591, 255 N.E.2d 817, 821. We therefore refuse to consider the juror's affidavit in resolving this issue.

The affidavit of Bowles is of no value other than to suggest that a situation arose which appellant might have used, but failed to avail himself of the opportunity.

■ Upon the polling of the jury, the trial judge obviously did not discern a negative response from juror number one. It can also reasonably be inferred that neither did defense counsel see any dissent since no objection was lodged. We cannot say the trial court abused its discretion, or that it erroneously determined the jurors were in agreement upon their verdict.

The trial court is in all things affirmed.

All Justices concur.