**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Willis D. WHITE, and Mildred White, Appellees (Defendants Below).**

**No. 385S76.**

Supreme Court of Indiana.

March 5, 1985.

Linley E. Pearson, Atty. Gen., Dennis K. McKinney, Deputy Atty. Gen., Indianapolis, for appellant.

## ON CIVIL PETITION TO TRANSFER

PRENTICE, Justice.

This cause is before us upon the petition of the State of Indiana (Appellant) to transfer it from the Court of Appeals, First District, that court having affirmed the trial court in part and reversed it in part and remanded the cause with instructions to present the supporting and opposing evidence upon its finding of inadequate damages. Said decision was by an unpublished opinion filed June 14, 1983, 451 N.E.2d 1131, and Rehearing was denied July 21, 1983.

The opinion of the Court of Appeals erroneously decided a new question of law, i.e. that said court may remand a cause to the trial court for a statement of supporting and opposing evidence to the issues upon which a new trial was granted when the trial court had granted a new trial because of the weight of the evidence but had failed to relate the evidence as required by Trial Rule 59(J)(7) but specified only the general reason that "the damages awarded were inaccurate and inadequate."

Two other issues are also presented by the Court of Appeals' opinion. We are in accord with that court's determination upon those issues.

The State (Appellant) filed its complaint against the Whites (Appellees) to appropriate a portion of their farm in Crawford County in order to straighten State Road 37 and build a bridge over the Little Blue River. On March 4, 1982, the jury returned a verdict in favor of the Whites in the amount of $67,500, and judgment was entered thereon. Additionally, the trial court found that the Whites were entitled to $5,181.59 in interest and $2,500 in litigation expenses for a total judgment in favor of the Whites of $75,181.59.

The Whites filed a motion to correct errors supported by affidavits of two jurors

attached thereto and stating that, during deliberations, members of the jury improperly considered matters which were not introduced into evidence and which directly affected the jury's verdict. Other grounds for the motion charged that the trial court had erroneously failed to admonish the jury following misconduct of State's counsel and that the damages awarded were contrary to the weight of the evidence and inadequate.

■ The trial court granted the motion and ordered a new trial, stating reasons therefor that we shall hereinafter recite and address separately.

### Stated Reason No. 1

"The Court having examined the Motion to Correct Errors and the supporting affidavits finds that there was misconduct on the part of the jury in reaching their decision on the case, in that the jury verdict was based upon matters not in evidence, that there was a clear disregard of instructions by the Court and the law concerning this case, and that said misconduct on the part of the jury was prejudicial to the Defendants herein, and pursuant to Trial Rule the error committed by the jury was prejudicial and harmful and to cure the error, this Court has no alternative but to grant a new trial."

Jurors may not impeach their verdicts by testimony or affidavits, and it was error for the trial judge to consider the motion to correct errors upon the grounds first above stated. *Bean v. State,* (1984) Ind., 460 N.E.2d 936, 947; *Brown v. State,* (1984) Ind., 457 N.E.2d 179, 181; *Stinson v. State,* (1974) 262 Ind. 189, 198, 313 N.E.2d 699, 704; *Wilson v. State,* (1970) 253 Ind. 585, 591, 255 N.E.2d 817, 821.

### Stated Reason No. 2

"Further, the Court Finds that there was misconduct on the part of the attorney for the Plaintiff by attempting to amend the Plaintiff's Complaint during the course of the trial in the presence of the jury. The Counsel for the Defendants properly objected and was sustained in his objection, but ask (sic) the Court to admonish the jury to disregard the previous actions of the Plaintiff's Counsel; however, the Court did not admonish the jury and this Court feels that said failure on (sic) the Court to admonish the jury resulted in prejudice to the Defendants and said prejudice constituted harmful error and the Defendants must be granted a new trial therein."

It appears that a portion of the residue of the Whites' land may have been land-locked by the taking, and during spirited cross-examination of Mr. White, it was apparent that he believed himself to be entitled to substantial damages for such loss of access. Thereupon, the State's attorney announced: "Mr. White, I've got the authority of the Indiana State Highway Commission to offer you a driveway at that point if you would like it sir, and I'd like to move ...." At this point, counsel for Whites objected verbosely to the State's "tactic," and the court sustained the objection and denied what the court and both counsel apparently regarded as an implied motion by the State to amend the order of appropriation. The court then asked for the comments of Whites' counsel, and he responded: *"I, object to it strenuously. And I think the Court should, should admonish Mr. McKinney and the jury on this tactic."* Whereupon, the court responded: "Well, you don't move to amend something in the middle of a jury trial in front of the jury."

Counsel apologized and renewed his motion to amend, which was then overruled without further comment.

■ Clearly the State's counsel was in error in offering the Whites access in the presence of the jury. The issue at trial was the damages of the Whites by reason of the taking by the State as determined by the order of appropriation. The Whites were under no obligation to consent to any offer of the State, at that late date, to return part of that which had been appropriated, and the jury should not have been exposed to any such extraneous consideration. Upon proper motion, the trial court

would have been justified in granting a mistrial, but no such motion was made. Rather, counsel merely suggested that an admonition be given, which was done. The trial court's statement that the Whites asked the court to admonish the jury to "disregard the previous actions of" the State's counsel comports to the language of the motion to correct errors, but it is not borne out by the record. The court admonished State's counsel, in the presence of the jury, and that appears to have satisfied counsel for the Whites. No specific admonition was requested, and no dissatisfaction was expressed with regard to the one given. We find no support in the record for the trial court's grant of a new trial upon this ground.

### Stated Reason No. 3

"This Court FURTHER FINDS that based upon the evidence presented in the case, the decision of the jury was clearly in error and resulted in inadequate damages awarded to the Defendants. Based upon the evidence, the damages awarded were in accurate (sic) and inadequate and constituted prejudicial harmful error to the Defendants with said action only being cured by the granting of a new trial.

"Clearly in considering the inadequate damages which were awarded in this case, the failure on the part of the Court to admonish the jury after the misconduct by Counsel by the Plaintiff and by review of the supporting affidavits (sic) to the Motion to Correct Errors showing the misconduct on the part of the jury this Court finds that for the aforegoing (sic) reasons the judgment was inaccurate and inadequate to the prejudice of the Defendants."

The Court of Appeals set forth only the first of the two paragraphs quoted above and regarded it as a statement that the verdict was against the weight of the evidence. It then pointed out that the trial court had not complied with Trial Rule 59(J)(7), which requires it to set forth the supporting and opposing evidence upon the

material issues when a new trial is ordered for that reason, and remanded the cause with instructions to present such evidence.

■■■ It is the State's position that the Court of Appeals took the first paragraph out of context and that, when considered along with the second paragraph, it is apparent that it was not stating that it found the verdict to be against the weight of the evidence but, rather, was merely elaborating upon its first two stated reasons and stating a conclusion that the two stated errors, i.e. jury misconduct and a failure to admonish, resulted in "inaccurate and inadequate" damages.

Considering that the trial judge evidenced his familiarity with Trial Rule 59(J)(7) by reference to it and by at least partial compliance but did not recite any evidence, as is clearly mandated if the new trial order is intended to be premised upon the weight of the evidence, we find the State's argument to be persuasive. However, we hold as we do for a somewhat different reason.

A nearly identical problem was presented by *Nissen Co. v. Terre Haute First National Bank, Gdn.*, (1976) 265 Ind. 457, 358 N.E.2d 974, wherein the trial court, following a verdict for the defendant, sustained the plaintiff's motion to correct errors, finding that the verdict was against the weight of the evidence, and granted a new trial. The defendant appealed and, among other issues, challenged, as not supported by the evidence, the court's finding that the greater weight of the evidence was that supervision and instruction in the use of the defendant's product was necessary. However, it did not comply with the requirements of Trial Rule 59(E)(7) [1] in that such findings set forth no warning or the content of any necessary instruction and further in that the findings set forth no "*supporting and opposing evidence* relevant to a determination of what a proper warning should state, or what instruction a beginner should receive. Such findings and collation of evidence ... are indispens-

---

1. Now 59(J)(7)

able to a rational conclusion ..." upon the subject. (emphasis added). *Id.* at 464, 358 N.E.2d at 978.

In *Nissen,* we acknowledged the problems presented by the failure of the trial court to comply with the rule and concluded that an order for a new trial based upon such a finding unsupported by the requisite recitation of the evidence should not stand, but refrained from either reviewing the evidence ourselves or from remanding the case to the trial court for a further statement.

"We address ourselves to the task of reviewing the trial judge's grant of a new trial because the verdict was against the weight of the evidence, enjoined by the common law of the State 'to examine the record to see if:'

\*   \*   \*   \*   \*   \*

"And, in dealing with the issue, we afford the trial court's decision a strong presumption of validity and are hesitant to overturn it. *Bailey v. Kain,* (1963) 135 Ind.App. 657, 192 N.E.2d 486. However, with the adoption of Trial Rule 59(E), an order granting a new trial on this basis is required to be supported by special findings and a collation of evidence. With the advent of this new requirement, appellate courts have been called upon to consider a new issue, namely, whether the trial court has complied with the rule. *When non-compliance with the rule has been established, differing responses by courts on appeal may be noted. Some courts have considered the evidence in the record or, as stated in the briefs, have made a rough judgment as to whether the trial court was correct. Davis v. Lee,* (1973) 155 Ind.App. 207, 292 N.E.2d 263; *Bredemeyer v. Cooper,* (1971) 150 Ind.App. 511, 276 N.E.2d 615. In *Collins v. Grabler,* (1970) 147 Ind.App. 584, 263 N.E.2d 201, *the appellate court remanded the case to permit the trial judge to supplement his findings.* In *Lake Mortgage Co. v. Federal National Mortgage Assn.,* (1975) 262 Ind. 601, 321 N.E.2d 556, under such circumstances, this Court reversed and ordered reinstatement of the judgment. *No single relief has been deemed appropriate in such cases."* (Emphasis added)

\*   \*   \*   \*   \*   \*

"After having been afforded this opportunity to reconsider the findings and order in light of the requirements of Trial Rule 59(E), and after having again reweighed the evidence, the trial judge was unable to supplement the findings so as to set forth any warning or the content of any instruction, the absence of which rendered the aqua diver defective and unreasonably dangerous. Neither was he able, upon reconsideration of the findings and the requirements of the Rule, to set forth the supporting and opposing evidence relevant to a determination of what a proper warning should state, or what instruction a beginner should receive. Such findings and collation of evidence on point, are indispensable to a rational conclusion that the product was defective and unreasonably dangerous to the user without warnings, *and* to a rational conclusion that such unreasonably dangerous condition was the proximate cause of the accident and injury.

"As a result of the absence of findings and recitation of evidence on these issues, the parties, and indeed the Court of Appeals, were required to hypothesize specific warnings which the trial court found lacking. Appellant understood the trial court to base its conclusions upon a determination that the product was unreasonably dangerous without a warning that it should not be used without supervision and instruction. The Court of Appeals, on the other hand, believed that the trial judge determined that the product was unreasonably dangerous without 'a warning concerning the danger of a user's foot slipping between the elastic cables of the Aqua Diver.' 332 N.E.2d at 826. We, ourselves, on this Court, have hypothesized possible warnings and possible suitable instructions in light of the evidence presented. This type of speculation has no part in a rational judicial

process, as it leads this Court to weigh evidence. And, it makes hopeless the appellant's task of presenting a focused argument in its briefs. In reversing in this case, we identify the substantive and procedural requirements for the lawful grant of a new trial Rule 59(E)(7) as paramount. The purpose of authorizing the trial judge to grant a new trial, when the judge considers the verdict to be against the weight of the evidence, is to erase the occasional unsupportable jury verdict. It is to supplant that which is irrational with something that is rational. An order of court can fulfill this extraordinary and extreme function only if it is based upon a complete analysis of the relevant facts and applicable law, and sets out on paper the constituent parts of that analysis. It is compliance with the arduous and time-consuming requirements of the Rule which provides assurance to the parties and the courts that the judge's evaluation of the evidence is better than the evaluation of the jury."

*Id.* at 460, 463, 464, 465, 358 N.E.2d at 975, 976, 977, 978.

A distinction in the *Nissen* case is existent in that following the plaintiff's motion for a new trial and the grant thereof, the defendants filed a motion to correct errors, pointing out the deficiencies in the court's statement, hence the reference in our opinion to the court's having had "this opportunity to reconsider the findings . . . and having again re-weighed the evidence, . . . ." 265 Ind. at 463, 358 N.E.2d at 977. However, that opinion was written prior to *P–M Gas and Wash Company, Inc. v. Smith,* (1978) 268 Ind. 297, 306, 375 N.E.2d 592, 597, and was tried and appealed when it was unclear that the filing of a motion to correct errors, following the grant of a new trial upon the adversary's motion, was not required.

When we consider the rarity with which a trial court exercises its thirteenth juror prerogative, the clear mandate of Trial Rule 59(J)(7), the relative ease with which the correctness of the finding can be demonstrated if, in fact, the verdict was against the weight of the evidence, the presumption of validity accorded to the decisions of the trial courts, and the difficulty, if not impossibility, of an appellant's task to present a "focused argument" in its brief, absent the court's compliance with the mandate, and the unconscionable delay thrust upon him by remand and subsequent appellate review, it is clear to us that an appellee, under such circumstances, is not entitled to such consideration. Certainly, under such circumstances, one should not be allowed to retain the benefits of the trial court order without a thorough review and understanding of the evidence upon which it was based; and, although we would not foreclose a court of review from independently searching the record for that purpose, to do so would be an act of great lenity and questionable wisdom.

It may be regarded as harsh treatment to deny the appellee the benefit of the ruling won at the trial level when a remand might preserve it. However, we are of the opinion that if the court overrides the jury in its special domain and substitutes its verdict for theirs without a clear showing that the ends of justice required it, it is likely that they did not. We are strengthened in this view in this particular case from our observation that the Appellee made no showing by his motion to correct errors that the verdict was against the weight of the evidence and has not defended the trial court's ruling, either before us or before the Court of Appeals.

Evidence was presented at trial supporting damages of as little as $23,630.00 and as much as $335,900.00. The award of the jury was within the parameters of a proper verdict. We have been presented with no statement of the evidence to support the trial court's grant of a new trial upon the weight of the evidence, and although a strong presumption of validity is generally accorded to the trial court's ruling, it may not overturn a jury verdict by a naked statement that it is erroneous, and we decline to search the record in an effort to sustain such a decision.

The aforementioned decision and opinion of the Court of Appeals is now ordered vacated. The judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions to reinstate the judgment entered upon the verdict.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.