ATTORNEYS FOR APPELLANT
David E. Ballard
Clint A. Zalas
South Bend, Indiana

ATTORNEY FOR APPELLEE
Robert G. Vann
Merrillville, Indiana



# In the
# Indiana Supreme Court

No. 64S05-1101-CT-0006

DEBRA L. WALKER,

*Appellant (Defendant below),*

v.

DAVID M. PULLEN,

*Appellee (Plaintiff below).*

Appeal from the Porter Superior Court, No. 64D01-0603-CT-1883
The Honorable Roger V. Bradford, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 64A05-1002-CT-127

**March 15, 2011**

**Shepard, Chief Justice.**

David Pullen sought damages for injuries he suffered when Debra Walker hit him from behind in a restaurant drive-through lane. After winning a jury verdict, Pullen sought a new trial asserting that the amount of damages awarded was against the weight of the evidence. The trial court granted the motion, but its findings of fact under Trial Rule 59(J) were not sufficient to demonstrate why the jury verdict should be cast aside. We reverse and remand with instructions to reinstate the jury's verdict.

**Facts and Procedural History**

On March 5, 2004, Debra Walker was behind David Pullen in the drive-through lane of a Dunkin' Donuts in Valparaiso. Walker's foot slipped off the brake pedal and she rear-ended Pullen's car. Walker and Pullen exchanged information and then left for their respective workplaces.

About eleven days after the accident, Pullen saw a Dr. Lakhani for neck pain. Dr. Lakhani prescribed trigger-point injections and physical therapy. Pullen saw Dr. Lakhani for the last time in August 2004. He did not see a doctor for neck pain again until 2007.

In 2007, Pullen began receiving treatment for neck pain from Dr. Renata Variakojis at the University of Chicago. There was conflicting evidence at trial about whether this pain was a result of the 2004 collision. Pullen called Dr. Variakojis, who testified that Pullen's pain in 2007 "could be" caused by the 2004 accident. (Variakojis Dep. at 17, 25.) Walker called an expert, Dr. Robert Yount, who testified that Pullen's 2007 pain was not caused by the accident but rather was likely caused by walking on crutches following knee surgery in 2006. (Yount Dep. at 44–45; Def. Ex. 5.)

Pullen did not submit any medical bills at trial, but he did tender a list of damages: $10,722 for physical therapy and other services at Porter Memorial Hospital; $1376 for office visits with Dr. Lakhani; $422 to Radiologic Associates of Northwest Indiana; and $12,499.50 to the University of Chicago. (Pl. Ex. 1.) The total damages Pullen requested were $25,019.50. The jury returned a verdict for Pullen and awarded him $10,070. After the dollar amount, the jury wrote "for P.T. & inital [sic] medical assessment." (App. at 8.)

Pullen filed a motion to correct error, arguing that the jury verdict was incorrect because Pullen's bill for physical therapy alone was $10,722, and that his bills for physical therapy and medical assessment totaled $12,500. Pullen's lawyers contend that all the charges from Porter Memorial Hospital were for physical therapy, but the record does not support their position. In

fact, some charges from Porter were for Pullen's initial x-rays and $2171 for an MRI.[1] If one subtracts the fees for the later MRI ($2171 for the MRI and $285 to have the MRI read) from Pullen's $12,520, the remaining expenses total $10,064. (See Pl. Ex. 1; Pl. Ex. 3.) This number is the total for Pullen's doctor visits, the initial x-rays, and the charges from Porter that are actually attributable to physical therapy—in other words, this number represents the fees for Pullen's medical assessments and his physical therapy. It is presumably what the jury meant when it awarded $10,070 "for P.T. and inital [sic] medical assessment."

The trial court granted Pullen's motion to correct error. The full text of the court's ruling was:

> 1. The undisputed medical testimony in this case established that Plaintiff's medical bills from Porter Memorial Hospital, Dr. Lakhani, and Radiologic Associates of Northwest Indiana were for appropriate treatment of injuries suffered by Plaintiff as a result of the negligence of Defendant.
> 2. Those medical bills totaled $12,520.00. The jury's verdict was less than those medical bills.
> 3. There was also undisputed medical testimony that Plaintiff endured pain and suffering for a minimum of five months. The jury's verdict obviously contained no award for that, however minimal.

(App. at 6–7.) The Court of Appeals affirmed. Walker v. Pullen, 934 N.E.2d 1268 (Ind. Ct. App. 2010) (table). We granted transfer and now reverse, directing that the jury verdict be reinstated.

**Standard of Review**

As a general matter, a decision to grant a new trial (often called "acting as the thirteenth juror") is reviewed for an abuse of discretion, and the trial court's decision is given a strong presumption of correctness. Weida v. Kegarise, 849 N.E.2d 1147 (Ind. 2006); see also Lake Mortg. Co. v. Federal Nat'l Mortg. Ass'n, 262 Ind. 601, 321 N.E.2d 556 (1975). The strong

---

[1] In his brief, Pullen's counsel stated that "the [jury] award did not even match the physical therapy bill. The physical therapy bill was $10,722.00 and the jury awarded only $10,070.00." (Appellee's Br. at 4 (citations omitted).) Pullen made a nearly identical assertion in his motion to correct error. (App. at 21.) Our review of the record shows that Pullen's physical therapy bill was only $8057, which was adequately covered by the jury's verdict.

presumption of correctness only arises if the court's decision is supported by the special findings required by Trial Rule 59(J). Weida, 849 N.E.2d at 1154; Lake Mortg., 260 Ind. at 605–06, 321 N.E.2d at 559.

## Treading Carefully as the Thirteenth Juror

Indiana Trial Rule 59(J) authorizes trial courts to grant new trials to correct an error in prior proceedings. In all cases where relief is granted, the court is required to "specify the general reasons" for granting relief. Setting aside a jury's verdict and granting a new trial is not to be done lightly, thus Rule 59(J) requires that, when granting a new trial because the verdict does not accord with the evidence, judges must

> make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why the judgment was not entered upon the evidence.

Ind. Trial Rule 59(J).

We have long held that strict compliance with the substantive and procedural requirements of Trial Rule 59(J) is of "paramount" importance. Nissen Trampoline Co. v. Terre Haute First Nat'l Bank, 265 Ind. 457, 464, 358 N.E.2d 974, 978 (1976). Specific findings are necessary to temper the use of the "extraordinary and extreme" power to overturn a jury's verdict by assuring that the decision is based on a complete analysis of the law and facts. Id. at 464–65, 358 N.E.2d at 978. In Weida v. Kegarise, we explained that the most important reason for Rule 59(J)'s "arduous and time-consuming requirements," Nissen, 265 Ind. at 464–65, 358 N.E.2d at 978, is "to assure the public that the justice system is safe not only from capricious or malicious

4

juries, but also from usurpation by unrestrained judges." Weida, 849 N.E.2d at 1153.[2]  In other words, when a "court overrides the jury in its special domain and substitutes its own verdict for theirs without a clear showing that the ends of justice required it, it is likely that they did not." State v. White, 474 N.E.2d 995, 1000 (Ind. 1985).  When a court grants a new trial without making the specific findings, the remedy on appeal is to reinstate the jury verdict.  Weida, 849 N.E.2d 1147.

In this case, the trial court granted a new trial because it believed the verdict did not accord with the evidence.  It did not state whether the verdict was against the weight of the evidence or clearly erroneous.  The court made only general findings and not the special findings required by Rule 59(J).

This case provides a prime example of why special findings are required when the judge acts as the thirteenth juror.  Pullen claimed a total of $25,019.50 in damages for medical bills— $12,520 for treatment in 2004 and $12,499.50 for treatment in 2007 and 2008.  The jury apparently did not agree that Walker's negligence required all of those treatments and awarded Pullen $10,070 "for P.T. & inital [sic] medical assessment."  (App. at 8.)  By our count, Pullen's expenses for physical therapy, appointments with his regular physician, and the initial x-rays following his first appointment were $10,064.  After hearing all the testimony, the jury may apparently have believed these damages were the result of Walker's negligence, and believed Walker's medical expert that the remainder of the expenses were either unnecessary or unrelated.

The court's statement that the evidence was "undisputed" is not a sufficient special finding to justify supplanting the jury's verdict.  The trial court's findings do not suggest that this was an unjust result.

---

[2] The court in Leroy v. Kuchaski, 878 N.E.2d 247 (Ind. Ct. App. 2007), stated that the purpose of Rule 59(J)'s special findings requirement "is to provide the parties and the reviewing court with the theory of the trial court's decision."  As the decision in Weida indicated, this is not the primary reason for the Rule 59(J) requirements.

**Conclusion**

We reverse and remand with direction to reinstate the jury verdict.

Sullivan, Rucker, and David, JJ., concur.

Dickson J., concurs in result with separate opinion.

**Dickson, Justice, concurring in result.**

The majority views the jury verdict as just, noting that the verdict was arguably consistent with the jury's apparent decision to award special damages only for the plaintiff's physical therapy and initial medical assessment. This rationale omits consideration of the jury's obvious failure to award any general damages for the inevitable pain and suffering associated with the initial injuries necessitating such treatment. The omission of any award for general damages undermines my confidence in the justness of the verdict.

I agree with the majority, however, that the trial court's order granting a new trial was not compliant with the specificity requirements of Indiana Trial Rule 59(J). For this reason, I agree that the order granting a new trial must be reversed and the jury verdict reinstated.