**AMERICAN FAMILY HOME INSURANCE COMPANY, Appellant–Defendant/Cross–Appellee,**

v.

**Rick BONTA, Appellee–Plaintiff/Cross–Appellant.**

No. 64A04–1008–CT–516.

Court of Appeals of Indiana.

May 4, 2011.

Robert D. Maas, Doninger Tuohy & Bailey LLP, Indianapolis, IN, Attorney for Appellant.

Theodore L. Stacy, Valparaiso, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### *STATEMENT OF THE CASE*

Appellant–Defendant/Cross–Appellee, American Family Home Insurance Company (American), appeals the trial court's Order granting a new trial in favor of Appellee–Plaintiff/Cross–Appellant, Rick Bonta (Bonta).

We reverse and remand.

### *ISSUE ON APPEAL*

American presents one issue on appeal, which we restate as follows: Whether the trial court erred when it failed to make specific findings in setting aside the jury's verdict and granting a new trial because the court concluded that the verdict was against the weight of the evidence.

## ISSUE ON CROSS–APPEAL

Bonta presents one issue on cross-appeal, which we restate as: Whether American has standing to appeal the trial court's Order granting a new trial.

## FACTS AND PROCEDURAL HISTORY

This cause comes before us as the result of a motor vehicle accident on July 27, 2008, in which Bonta crashed his motorcycle into Laura Morales' (Morales) car. As a result of the impact, Bonta was ejected from his motorcycle and landed on his back on the rear window of Morales' car. Bonta sustained a fracture injury to his right foot.

On January 27, 2009, Bonta filed his Complaint against Morales, alleging negligence and against American, as Bonta's provider of uninsured motorist coverage. On March 25, 2009, American filed its Answer to Bonta's Complaint. On June 21, 2010 through June 23, 2010, a jury trial was conducted. At the close of the evidence, the jury returned a verdict finding Bonta fifty-five percent at fault for his damages and finding Morales forty-five percent at fault. On July 9, 2010, the trial court took the jury's verdict under advisement "pending the filing of any motions." (Appellant's App. p. 37).

On June 29, 2010, ten days prior to the entry of the trial court's advisement, Bonta had filed a motion for judgment on the evidence, contending that the jury's verdict was clearly against the manifest weight of the evidence and requesting to enter judgment in his favor or, in the alternative, to set aside the jury's verdict and to grant a new trial. On July 15, 2010, American filed its response to Bonta's motion.

On August 6, 2010, the trial court entered its Order, finding, in pertinent part that

This cause is before the [c]ourt on [Bonta's] Motion for Judgment on the Evidence. The [c]ourt has reviewed that motion and [American's] response thereto. The [c]ourt finds that, in ruling on a Motion for Judgment on the Evidence, the [c]ourt cannot grant a new trial while acting as a "thirteenth juror." [Bonta] is not asking that the [c]ourt do that, but asks that the [c]ourt enter judgment in favor of [Bonta]. That, the [c]ourt finds, it cannot do. Therefore, [Bonta's] Motion for Judgment on the Evidence is denied.

However, the [c]ourt does find that the jury's verdict is against the weight of the evidence, and, acting as thirteenth juror, finds that it is not reasonable for [Bonta] to be considered more than fifty percent at fault in the proximate causation of his injuries. Therefore, the [c]ourt sets aside the jury's verdict in this cause and orders that it be set for a new trial.

(Appellant's App. p. 7).

American now appeals and Bonta cross-appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### CROSS–APPEAL

■ Because Bonta presents us with a threshold procedural issue, we must first address the propriety of Bonta's cross-appeal, in which he challenges American's standing to appeal the trial court's Order. Phrased in three different ways and without citing to any supporting case law, Bonta contends that Morales' active participation in this appeal is necessary to preserve American's right to challenge the trial court's award of a new trial. Specifically, Bonta maintains that American's anonymous participation at trial does not allow it to "step into Morales' shoes" and

initiate an appeal where Morales herself did not file an appeal. (Appellant's Br. p. 10). In essence, Bonta claims that "American is not a proper party to make an appeal forfeited by Morales." (Appellant's Br. p. 9).

In *Wineinger v. Ellis*, 855 N.E.2d 614, 621 (Ind.Ct.App.2006), *trans. denied* (internal citations omitted), we explained that

> a judgment obtained by an insured against an uninsured motorist is binding upon the insurer on both liability and damages if the insurer has been given notice of the underlying litigation. As such, the insurer has the right to defend the action—and to intervene if it was not named as a defendant—against the insured. In the context of an uninsured motorist coverage claim, the insurer stands in the position of the uninsured motorist during litigation.

Furthermore, Indiana Appellate Rule 17(A) provides that "A party of record in the trial court or Administrative Agency shall be a party on appeal."

Here, Bonta's Complaint initiated a claim sounding in negligence against Morales as the perceived tortfeasor of the accident and a contractual claim against American as Bonta's provider of uninsured motorist coverage, asserting coverage under the policy for Bonta's losses resulting from Morales' negligence. During the proceedings, American filed its Answer and participated at trial. Because Morales was an uninsured motorist and Bonta was covered under American's insurance policy, American was bound by the jury verdict and was liable to pay the judgment rendered at trial. As such, American had a right to step into Morales' shoes and contest the trial court's subsequent decision of granting Bonta a new trial. Therefore, American has standing to bring this appeal.

*APPEAL*

On appeal, American disputes the trial court's Order, awarding Bonta a new trial because the jury's verdict is against the weight of the evidence. American argues that because the trial court awarded a new trial pursuant to Indiana Trial Rule 59(J), it was required to make special findings supporting its conclusion.

■ Initially, we need to determine whether the trial court ordered a new trial under the directives of Indiana Trial Rule 50(C) or Indiana Trial Rule 59(J), as these rules significantly differ with respect to the requirement of findings if a new trial is ordered. Under Ind. Trial Rule 50(C), a trial court may grant a new trial as to part or all of the issues and the rule imposes no explicit requirement for supporting findings; whereas under T.R. 59(J) a trial court's authority to grant a new trial on a motion to correct error is conditioned upon explicit prerequisites. *See Keith v. Mendus*, 661 N.E.2d 26, 31 (Ind.Ct.App.1996), *trans. denied.* T.R. 59(J) states that when a new trial is granted:

> If the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.

The differing requirements for written findings in T.R. 50(C) and T.R. 59(J) are consistent with the distinct nature of a trial court's review of a jury verdict. As explained in *Keith* and reiterated by our supreme court in *Chi Yun Ho v. Frye*, 880 N.E.2d 1192, 1195–96 (Ind.2008):

> When a trial court grants a new trial on the basis of a motion for judgment on the evidence pursuant to T.R. 50(C), it

must consider only the evidence most favorable to the nonmoving party and may grant the motion only when there is no evidence or reasonable inferences therefrom to support an essential element of the claim. However, when the trial court grants a new trial as a "thirteenth juror" under the provisions of T.R. 59(J), it must sift and weigh the evidence and judge witness credibility. If Rule 50(C) new trial relief is granted, it cannot be on the basis of the "13th Juror" or a review of the evidence. If the trial court is going to "weigh the evidence" then this kind of new trial must come as part of a motion to correct error under Trial Rule 59.

*Keith,* 661 N.E.2d at 31. A new trial under T.R. 50(C) is thus appropriate only when there is a glaring absence of critical evidence or reasonable inferences, but to order a new trial under T.R. 59(J), a trial court must determine "that the verdict . . . is against the weight of the evidence," thus requiring the careful shifting and evaluation described in *Keith.* When a trial court reweighs the evidence and substitutes its judgment for that of the jury under T.R. 59(J), the rule mandates special findings that "relate the supporting and opposing evidence to each issue upon which a new trial is granted[.]" *See* T.R. 59(J).

■ Six days following the jury verdict, Bonta filed his motion for judgment on the evidence, requesting the court

to set aside the clearly erroneous verdict of the jury, enter judgment on the clearly sufficient evidence for the plaintiff in the amount of $250,000 less the medical payments of $5,000, or in the alternative,

to set aside the verdict of the jury and set this cause for a new trial as to either or both the issue of fault and/or damages.

(Appellant's Br. p. 5) [1]

The trial court's Order granting a new trial stated, in pertinent part, as follows

This cause is before the [c]ourt on [Bonta's] Motion for Judgment on the Evidence. The [c]ourt has reviewed that motion and [American's] response thereto. The [c]ourt finds that, in ruling on a Motion for Judgment on the Evidence, the [c]ourt cannot grant a new trial while acting as a "thirteenth juror." [Bonta] is not asking that the [c]ourt do that, but asks that the [c]ourt enter judgment in favor of [Bonta]. That, the [c]ourt finds, it cannot do. Therefore, [Bonta's] Motion for Judgment on the Evidence is denied.

However, the [c]ourt does find that the jury's verdict is against the weight of the evidence, and, acting as thirteenth juror, finds that it is not reasonable for [Bonta] to be considered more than fifty percent at fault in the proximate causation of his injuries. Therefore, the [c]ourt sets aside the jury's verdict in this cause and orders that it be set for a new trial.

(Appellant's App. p. 7).

Thus in ordering a new trial, not only did the trial court's Order lack special findings or other explanation, but it also failed to specify whether the court was granting a new trial based on T.R. 50 motion for judgment on the evidence or on T.R. 59 motion to correct error. Nevertheless, in the first paragraph the trial court clearly stated that it could not enter

1. Our review of Appellant's Appendix reveals that Document 22, "Plaintiff's Motion for Judgment on the Evidence" is incomplete and is missing the page which includes the conclusion of Bonta's motion. However, this conclusion is quoted in American's brief and its accuracy is not contested by Bonta. As such, we will rely on the conclusion as cited in American's brief.

judgment for Bonta based on a T.R. 50 motion for judgment on the evidence and consequently denied Bonta's motion. However, in the second paragraph, the trial court appears to *sua sponte* grant relief pursuant to T.R. 59(J), motion to correct error. *See State v. Johnson,* 714 N.E.2d 1209, 1211 (Ind.Ct.App.1999) (Indiana courts have the inherent power to grant new trials *sua sponte* and are expressly authorized to do so by Ind. Trial Rule 59(B)). In applying a T.R. 59(J) motion, the Order explicitly finds that the "jury's verdict is against the weight of the evidence" and, acting as a thirteenth juror, orders a new trial. In sum, we conclude that the trial court's Order for a new trial thus rested upon its determination that the verdict was against the weight of the evidence, thereby evidencing the court's intention to characterize Bonta's express T.R. 50 motion as a T.R. 59(J) motion.

■ Next, we need to determine the appropriate remedy for the trial court's failure to make specific findings relating "the supporting and opposing evidence to each issue upon which a new trial is granted." T.R. 59(J). These procedural requirements enumerated in T.R. 59(J) and the process of making the requisite special findings have been characterized as "arduous and time-consuming." *DeVittorio v. Werker Bros.,* 634 N.E.2d 528, 531 (Ind.Ct. App.1994). In *Weida v. Kegarise,* 849 N.E.2d 1147 (Ind.2006), our supreme court explained that granting a new trial pursuant to T.R. 59(J) is an

> extraordinary and extreme power [which] can be properly used only if it is based upon a complete analysis of the relevant facts and applicable law, and sets out on paper the constituent parts of that analysis. Complete analysis is required because it is compliance with the arduous and time-consuming requirements of the Rule which provides

assurance to the parties and the courts that the judge's evaluation of the evidence is better than the evaluation of the jury. Put another way, compliance with the requirement is necessary to assure the public that the justice system is safe not only from capricious or malicious juries, but also from usurpation by unrestrained judges[.]

In light of these considerations, the *Weida* court held that when a trial court orders a new trial because the verdict is against the weight of the evidence but fails to make the required special findings, the proper remedy is reinstatement of the jury verdict. *Id.* at 1152. Our supreme court very recently revisited this issue in *Walker v. Pullen,* 943 N.E.2d 349 (Ind.2011) reiterating *Weida* that "when a court grants a new trial without making the specific findings, the remedy on appeal is to reinstate the jury verdict." *Id.* at 351 (*quoting Weida,* 849 N.E.2d at 1147). While we understand that this result may seem harsh as a litigant may be disadvantaged not through his own fault but because a trial court failed to follow all the precedential requirements, we are not the proper court to formulate an alternative.

Because we are faced here with a complete absence of special findings, we reverse the trial court's Order granting a new trial and remand to the trial court, directing reinstatement of the jury's verdict.

## CONCLUSION

Based on the foregoing, we conclude that American has standing to appeal the trial court's Order. In addition, we hold that the trial court erred when it failed to make specific findings in setting aside the jury's verdict because it was against the weight of the evidence.

Reversed and remanded. We order the trial court to reinstate the jury's verdict.

ROBB, C.J., and BROWN, J., concur.