

**FILED**

Jun 11 2015, 9:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Robert A. Durham
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Nicholas C. Deets
Hovde Dassow & Deets, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Roger D. Levy,<br>*Appellant-Defendant,*<br><br>v.<br><br>Elizabeth Jackson,<br>*Appellee-Plaintiff.* | June 11, 2015<br><br>Court of Appeals Case No.<br>29A02-1407-CT-482<br><br>Appeal from the Hamilton Superior Court;<br>The Honorable Daniel Pfleging, Judge;<br>29C02-1204-CT-3751 |

**May, Judge.**

Roger D. Levy appeals the trial court's order granting a new trial.

We reverse and remand for the court to reinstate the jury verdict.

## Facts and Procedural History

On April 4, 2011, Levy ran his vehicle into the back of Elizabeth Jackson's vehicle. Minimal damage was done to the vehicles. No airbags deployed in the accident. Jackson declined medical treatment at the scene but went to the emergency room later in the evening.

One month later Jackson sought treatment from a chiropractor. She continued this treatment until March 2012. Jackson then sought treatment from an orthopedic surgeon and had shoulder surgery in July 2012.

Jackson filed a civil negligence action against Levy requesting damages for her "medical expenses and lost income as well as other compensable damages." (App. at 12.) The jury returned a verdict for Levy. Jackson filed a motion for a new trial pursuant to Trial Rule 59(J). The court granted Jackson's motion.

## Discussion and Decision

Levy asserts the trial court's grant of a new trial must be reversed because the court did not comply with the Trial Rule 59(J) requirement to set forth all the evidence in the order for a new trial.[1] That rule states:

---

[1] Levy also asserts the trial court erred even if it complied with Trial Rule 59(J); however, we need not address that issue as the first is dispositive.

**(J) Relief granted on motion to correct error.** The court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the errors:

(1) Grant a new trial;

* * * * *

(5) In the case of excessive or inadequate damages, enter final judgment on the evidence for the amount of the proper damages, grant a new trial, or grant a new trial subject to additur or remittitur;

* * * * *

(7) In reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a non-advisory jury is against the weight of the evidence; and shall enter judgment, subject to the provisions herein, if the court determines that the verdict of a non-advisory jury is clearly erroneous as contrary to or not supported by the evidence, or if the court determines that the findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence.

In its order correcting error the court shall direct final judgment to be entered or shall correct the error without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. If corrective relief is granted, the court shall specify the general reasons therefor. When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; *if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted;* if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.

Ind. Trial Rule 59 (J) (emphasis added).

We review the trial court's decision applying the following standard:

> A trial court has wide discretion to correct errors and to grant new trials. In determining whether to grant a new trial, the trial judge has an affirmative duty to weigh conflicting evidence. The trial judge sits as a thirteenth juror and must determine whether in the minds of reasonable men a contrary verdict should have been reached.

> When a trial court grants a new trial pursuant to Trial Rule 59(J), the granting of relief is given a strong presumption of correctness. We will reverse the grant of a new trial only for an abuse of discretion. This court neither weighs the evidence nor judges the credibility of the witnesses. An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences that may be drawn therefrom. An abuse of discretion also results from a trial court's decision that is without reason or is based upon impermissible reasons or considerations.

*Leroy v. Kucharski*, 878 N.E.2d 247, 250 (Ind. Ct. App. 2007) (internal citations and quotations omitted), *trans. denied*.

Our Indiana Supreme Court held the "substantive and procedural requirements" needed to grant a new trial under Trial Rule 59(J) are "paramount." *Weida v. Kegarise*, 849 N.E.2d 1147, 1151 (Ind. 2006). When correcting errors, a trial court is required to "specify the general reasons therefor." Ind. Trial Rule 59(J). However, when granting a new trial against the jury verdict, a court is required to make "additional special findings." *Weida*, 849 N.E.2d at 1151. This task is intended to be difficult and onerous to ensure the trial court is not abusing its power over the will of the jury:

> Justice DeBruler explained that this "extraordinary and extreme" power can be properly used "only if it is based upon a complete analysis of the relevant facts and applicable law, and sets out on paper the constituent parts of that analysis." *Nissen,* 265 Ind. at 464-65, 358

N.E.2d at 978. Complete analysis is required because it is "compliance with the arduous and time-consuming requirements of the Rule which provides assurance to the parties and the courts that the judge's evaluation of the evidence is better than the evaluation of the jury." *Id.* Put another way, compliance with the requirement is necessary to assure the public that the justice system is safe not only from capricious or malicious juries, but also from usurpation by unrestrained judges.

*Id.* at 1153.

[9] The trial court granted Jackson's motion for a new trial in an order that provided, in pertinent part:

2. At trial, Defendant Roger Levy admitted that he was negligent and at fault for the collision on April 4, 2011. As a result, the jury was instructed that the only issue it must decided [sic] is the amount of money that would fairly compensate Plaintiff Elizabeth Jackson for the injuries and damages sustained in the collision. (Parties' Agreed Issue Instruction).

3. At trial, Plaintiff Elizabeth Jackson called three medical providers as witnesses: Jamie Vanderwielen, PAC, the physician's assistant who saw her in the emergency room on the night of the collision; Mark Woloshin, D.C.; and Ralph Buschbacher, M.D. Each of these expert medical witnesses testified that they believed Plaintiff Elizabeth Jackson suffered injuries in the collision on April 4, 2011.

4. The parties stipulated to the cost of Plaintiff Elizabeth Jackson's medical treatment, including the fact that the cost of her visit to the emergency on the night of the collision was $444.00. (Joint Exhibit Binder, Ex. 5).

5. Defendant Roger Levy did not call any medical witnesses at trial to provide expert testimony that Plaintiff Elizabeth Jackson was not injured in the collision on April 4, 2011.

6. At the conclusion of trial, the jury returned a verdict for the defense despite the fact that Defendant Roger Levy admitted fault of the collision on April 4, 2011. The jury did not award Plaintiff Elizabeth Jackson the amount for the medical bill for her visit to the

emergency room on the night of the collision. This verdict is against the weight of the evidence presented at trial.

* * * * *

10.  The Court finds that the jury's decision to render a defense verdict in this case is against the weight of the evidence. Liability was admitted. Every medical witness who testified at trial concluded that the Plaintiff suffered injuries in this collision. A medical bill for the Plaintiff's medical treatment at the emergency room on the night of the collision was incurred.

(App. at 7-10.)

[10]  That order sets out evidence in favor of a verdict for Jackson but does not mention any of the evidence in favor of a verdict for Levy. Our review of the record confirmed, as Levy's brief alleged, the existence of significant evidence in the record supporting the jury's verdict in favor of Levy.[2] Therefore, as the

---

[2] For example, at trial, evidence was presented of the minimal damage done to Jackson's vehicle. (Joint Ex. 6.) Levy fixed the damage to his vehicle with touch up paint. (Tr. at 378.) Levy's vehicle was travelling less than five miles per hour at impact. (*Id.* at 377.) No airbags deployed in either vehicle. (*Id.* at 348, 378.)

Jackson refused an ambulance at the scene. (*Id.* at 325.) When Jackson did go to the emergency room later that day, the emergency room physicians' assistant found that Jackson had no discoloration, no swelling, and no signs of injury, and that Jackson had full range of motion. (*Id.* at 178-79.) Jackson did not pursue further treatment until a month after the accident. (*Id.* at 224.) Jackson told doctors and testified that Levy was going fifty miles per hour and "coming up like a maniac." (*Id.* at 347-48.) Jackson reported to one doctor the symptoms started six to seven months after the accident. (App. at 53.) Jackson reported to this doctor the cause of the problem was unknown. (*Id.*)

Dr. Ralph Buschbacher testified it was possible "for one car to rear end another and just simply not generate enough force to cause injury . . . [and] the more damage there is to the vehicle, the more likely it is that someone will get injured from it." (Tr. at 291.) Buschbacher testified it was possible the shoulder injury was not caused by the accident, (*id.* at 281-82), but rather Jackson's injuries were "largely caused by the normal wear and tear that goes along with aging," (*id.* at 283), and neck pain is a very common complaint in people over age forty. (*Id.* at 290.) Buschbacher testified swimming and rowing could lead to Jackson's injuries and working at a computer is the statistically most likely activity leading to neck pain. (*Id.* at 284-85.)

Jackson's husband testified Jackson swam and kayaked prior to the accident. (*Id.* at 367.) Jackson worked at a computer. (*Id.* at 203.) Dr. Mark Woloshin testified Jackson's work "keeps things irritated." (*Id.*)

court's order only states the evidence in favor of Jackson, and no evidence in favor of the jury verdict, the court's order failed to comply with Trial Rule 59(J). *See Weida,* 849 N.E.2d at 1155.

[11] When a court fails to comply with Trial Rule 59(J)'s requirements, we have no choice but to reinstate the jury's verdict because "[e]xplanations crafted after appellate remand - six months or a year after the trial court heard the evidence (or in this instance, two years) - represent an inadequate exercise of [the court's] obligation." *Id.* at 1153. Accordingly, we reinstate the jury verdict.

[12] We reverse and remand for the court to reinstate jury verdict.

Mathias, J., concurs. Robb, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Roger D. Levy,

*Appellant-Defendant,*

v.

Elizabeth Jackson,

*Appellee-Plaintiff.*

Court of Appeals Case No.
29A02-1407-CT-482

## Robb, Judge, dissenting

At the outset of the decision in *Weida*, the court stated:

> Setting aside a verdict because the trial court concludes that it is
> against the weight of the evidence is a weighty but well-recognized
> power of common law judges. Our rules require a judge who exercises
> this power to describe the reasons *in some detail*. When the trial court
> acts *without giving reasons*, the verdict should be reinstated on appeal.

849 N.E.2d at 1148 (emphasis added). The trial court in that case had not only

failed to make special findings, it "[did] not even 'specify the general reasons'

why corrective relief was granted," which was required even before the

adoption of Rule 59(J). *Id.* at 1154 n.5; *see also Walker v. Pullen*, 943 N.E.2d

349, 352 (Ind. 2011) ("In this case, the trial court granted a new trial because it

believed the verdict did not accord with the evidence. It did not state whether

the verdict was against the weight of the evidence or clearly erroneous. The

court made only general findings and not the special findings required by Rule

59(J)."); *State v. White*, 474 N.E.2d 995, 1000 (Ind. 1985) (where the trial court did not expressly state it was granting a new trial because the verdict was against the weight of the evidence and did not otherwise enter a statement of evidence supporting the grant of a new trial, the supreme court reversed and ordered the jury verdict reinstated, noting a trial court "may not overturn a jury verdict by a naked statement that it is erroneous").

[14] I acknowledge our supreme court precedent in *Weida* and the concerns it addresses as set forth by the majority. *See* slip op. at ¶ 8. However, I believe it is antithetical to the principles of due process to penalize a party for a trial court's failure to follow protocol without at least offering the opportunity for the trial court to correct its failings. *White* acknowledged that "[i]t may be regarded as harsh treatment to deny the appellee the benefit of a ruling won at the trial court level when a remand might preserve it." 474 N.E.2d at 1000; *see also American Family Home Ins. Co. v. Bonta*, 948 N.E.2d 361, 366 (Ind. Ct. App. 2011) ("[W]e understand that this result may seem harsh as a litigant may be disadvantaged not through his own fault but because a trial court failed to follow all the [procedural] requirements . . . ."). However, *Weida*, *Walker*, and *White* all addressed orders in which a trial court completely failed to even attempt to make special findings to support its decision. I would limit application of the rule announced therein to cases with those facts and would

not extend it to cases such as this one, where the trial court at least tried to make the required findings.[3]

[15] In addition, *Weida* hearkens back to *White*, which in turn hearkens back to *Nissen Trampoline Co. v. Terre Haute First Nat'l Bank,* 265 Ind. 457, 358 N.E.2d 974 (1976). In *Nissen*, the court noted that when a trial court has failed to comply with Rule 59, courts have responded in differing ways: some have made a rough judgment as to whether the trial court was correct based upon its own review of the evidence in the record; some have remanded to the trial court for additional findings; and some have reversed and ordered reinstatement of the judgment. *Id.* at 976, 358 N.E.2d at 460. "No single relief has been deemed appropriate in such cases." *Id.* The court in *Nissen* ultimately reversed the order granting a new trial, but due to a motion to correct error pointing out that the trial court's original order did not set forth the supporting and opposing evidence as required by the rule, the trial court had been afforded an opportunity prior to appeal to reconsider its findings and order in light of the rule's requirements and was still unable to supplement the findings or set forth the supporting and opposing evidence. *Id.* at 977-78, 358 N.E.2d at 463-64. Because in *Nissen*, the parties were afforded the opportunity to point out the deficiencies of the trial court's order and the trial court was afforded the

---

[3] I acknowledge another panel of this court recently decided a case similar to this one and held the trial court's failure to include opposing evidence in its order granting a new trial pursuant to Trial Rule 59 required reinstatement of the jury verdict. *See Diehl v. Clemons*, 12 N.E.3d 285, 294-95 (Ind. Ct. App. 2014), *trans. denied*.

opportunity to correct the omissions in light of the requirements of the rule, *Nissen* does not necessarily lay the groundwork for the later, harsher rule, but supports the notion that the trial court can and should be allowed to reconsider its order when it comes up short.

[16]     Here, the trial court gave the reasons why it believed the ends of justice required a new trial, describing in some detail the evidence supporting such a judgment but failing to specifically weigh it against the opposing evidence. If the trial court considered the opposing evidence in reaching its conclusion, then an amended order on remand would be a simple matter. And if the trial court did not consider the opposing evidence, then it has the chance on remand to fix the problem on its own accord and vacate the order for a new trial. I do not mean to imply that a trial court should not endeavor in every instance to fully comply with the requirements placed upon it by our rules and statutes. As *White* noted, "if the court overrides the jury in its special domain and substitutes its verdict for theirs without a clear showing that the ends of justice required it, it is likely that they did not." 474 N.E.2d at 1000. When a trial court does not even attempt to make that showing, perhaps it is because it would be unable to do so. But when it appears that a trial court *has* endeavored to do so but has simply fallen short in some particular, I would allow the trial court an opportunity to supplement its order.