ROBB, Judge,
dissenting.
[13] At the outset of the decision in Weida, the court stated:
Setting aside a verdict because the trial court concludes that it is against the weight of the evidence is a weighty but well-recognized power of common law judges. Our rules require a judge who exercises this power to describe the reasons in some detail. When the trial court acts without giving reasons, the verdict should be reinstated on appeal.
849 N.E.2d at 1148 (emphasis added). The trial court in that case had not only failed to make special findings, it “[did] not even ‘specify the general reasons’ why corrective relief was granted,” which was required even before the adoption of Rule 59(J). Id. at 1154 n. 5; see also Walker v. Pullen, 943 N.E.2d 349, 352 (Ind.2011) (“In this case, the trial court granted a new trial because it believed the verdict did not accord with the evidence. It did not state whether the verdict was against the weight *397 of the evidence or clearly erroneous. The court made only general findings and not the special findings required by Rule 59(J).”); State v. White, 474 N.E.2d 995, 1000 (Ind.1985) (where the trial court did not expressly state it was granting a new trial because the verdict was against the weight of the evidence and did not otherwise enter a statement of evidence supporting the grant of a new trial, the supreme court reversed and ordered the jury verdict reinstated, noting a trial court “may not overturn a jury verdict by a naked statement that it is erroneous”).
[14] I acknowledge our supreme court precedent in Weida and the concerns it addresses as set forth by the majority. See slip op. at ¶ 8. However, I believe it is antithetical to the principles of due process to penalize a party for a trial court’s failure to follow protocol without at least offering the opportunity for the trial court to correct its failings. White acknowledged that “[i]t may be regarded as harsh treatment to deny the appellee the benefit of a ruling won at the trial court level when a remand might preserve-it.” 474 N.E.2d at 1000; see also American Family Home Ins. Co. v. Bonta, 948 N.E.2d 361, 366 (Ind.Ct.App.2011) (“[W]e understand that this result may seem harsh as a litigant may be disadvantaged not through his own fault but because a trial court failed to follow all the [procedural] requirements .... ”). However, Weida, Walker, and White all addressed orders in which a trial court completely failed to even attempt to make special findings to support its decision. I would limit application of the rule announced therein to eases with those facts and would not extend it- to cases such as this one, where the trial court at least tried to make the required findings.[3]
[15] In addition, Weida hearkens back to White, which in turn hearkens back to Nissen Trampoline Co. v. Terre Haute First Nat’l Bank, 265 Ind. 457, 358 N.E.2d 974 (1976). In Nissen, the court noted that when a trial court has failed to comply with Rule 59, courts have responded in differing ways: some have made a rough judgment as to whether the trial court was correct based upon its own review of the evidence in the record; some have remanded to the trial court for additional findings; and some have reversed and ordered reinstatement of the judgment. Id. at 460, 358 N.E.2d at 976. “No single relief has been deemed appropriate in such cases.” Id. The court in Nissen ultimately reversed the order granting a new trial, but due to a motion to correct error pointing out that the trial court’s original order did not set forth the supporting and opposing evidence as required by the rule, the trial court had been afforded an opportunity prior to appeal to reconsider its findings and order in light of the rule’s requirements and was still unable to supplement the findings or set forth the supporting and opposing evidence. Id. at 463-64, 358 N.E.2d at 977-78. Because in Nissen, the parties were afforded the opportunity to point out the deficiencies of the trial court’s order and the trial court was afforded the opportunity to correct the omissions in light of the requirements of the rule, Nissen does not necessarily lay the groundwork for the later, harsher rule, but supports the notion that the trial court can and should be allowed to reconsider its order when it comes up short.
*398 [16] Here, the trial court gave the reasons why it believed the ends of justice required a new trial, describing in some detail the evidence supporting such a judgment but failing to specifically weigh it against the opposing evidence. If the trial court considered the opposing evidence in reaching its conclusion, then an amended order on remand would be a simple matter. And if the trial court did not consider the opposing evidence, then it has the chance on remand to fix the problem on its own accord and vacate the order for a new trial. I do not mean to imply that a trial court should not endeavor in every instance to fully comply with the requirements placed upon it by our rules and statutes. As White noted, “if the court overrides the jury in its special domain and substitutes its verdict for theirs without a clear showing that the ends of justice required it, it is likely that they did not.” 474 N.E.2d at 1000. When a trial court does not even attempt to make that showing, perhaps it is because it would be unable to do so. But when it appears that a trial court has endeavored to do so but has simply fallen short in some particular, I would allow the trial court an opportunity to supplement its order.

. I acknowledge another panel of this court recently decided a case similar to this one and held the trial court’s failure to include opposing evidence in its order granting a new trial pursuant to Trial Rule 59 required reinstatement of the jury verdict. See Diehl v. Clemons, 12 N.E.3d 285, 294-95 (Ind.Ct.App.2014), trans. denied.